## BENDHEIM

v.

## COMMISSIONER OF INTERNAL REVENUE.

### No. 231, Docket 22932.

United States Court of Appeals Second Circuit.

Argued May 4, 1954.

Decided June 9, 1954.

Harry Silverson, New York City, for petitioner; Silverson & Allison and Frederick Gelberg, New York City, of counsel.

H. Brian Holland, Ellis N. Slack, Lee A. Jackson and Karl Schmeidler, Washington, D. C., for respondent.

Before CLARK, FRANK, and MEDINA, Circuit Judges.

MEDINA, Circuit Judge.

The taxpayer's petition for review presents a narrow procedural question affecting the jurisdiction of the Tax Court.

Having filed an income tax return indicating no tax liability whatever for 1943, the taxpayer was notified on March 17, 1947, by the internal revenue agent in charge for the Upper New York Division, that a deficiency in the amount of $17,582.87 was being proposed. Within the thirty-day period following the receipt of the letter proposing this deficiency, the taxpayer filed a protest, and certain conferences and the submission of supplementary material ensued. On May 25, 1950, the taxpayer transmitted to the Collector of Internal Revenue for the Third District of New York the sum of $24,000, with the following letter:

"I enclose herewith my check to your order in the sum of $24,000.00 representing payment of personal income tax for the calendar year 1943 in the amount of $17,500.00, and interest thereon at the rate of 6% per annum in the sum of $6,-500.00.

"I would appreciate your stamping the copy of this letter as my receipt."

This sum was placed by the Collector in his Suspense Account and the payment of $17,500 of income tax for 1943 was overlooked when, upon conclusion of the administrative processing of the matter, the taxpayer having filed no waiver as provided in Section 272(d) of the Internal Revenue Code, 26 U.S.C.A. § 272(d), the Commissioner sent the taxpayer a letter on February 15, 1951, in the regular form of deficiency 90-day notice in the amount of $17,432.29. The difference between the deficiency originally proposed and that stated in the letter of February 15, 1951, is accounted for by the fact that the taxpayer had been given certain credits based upon information in the various papers submitted.

The taxpayer contends that there was a "deficiency," within the meaning of Section 271 of the Internal Revenue Code, and that, even if no "deficiency" in fact existed, the letter from the Commissioner constituted a determination that there was a deficiency sufficient to

give the Tax Court jurisdiction, as provided in Section 272.

Section 271 defines a "deficiency" for the purposes of the Tax Court's jurisdiction as the amount by which the tax imposed by the statute exceeds the sum of the amount shown on the return, plus amounts assessed or collected without assessment, over the amount of rebates as defined in subsection (b) (2). The taxpayer claims that "collected without assessment" are words of art which refer only to payments made pursuant to a judgment obtained by the Government in a court proceeding. Thus construed, the payment of $17,500 would be disregarded in making the computation required by the statute in order to determine whether or not the Tax Court had jurisdiction. The amount shown on the return was zero, no rebates are involved and a "deficiency" thus exists, according to the taxpayer's argument, because, as he says, the $17,500 was not "collected without assessment." While ingenious, we do not find this argument convincing, as the amount in question here was certainly "collected without assessment," and it will suffice to say that the various quotations from cases and other material relied on by the taxpayer have little if any relevancy to the question before us for decision. It would serve no useful purpose to discuss them *in extenso*.

As the additional tax in dispute had already been paid there was no "deficiency"; and the legal effect of the Commissioner's letter was to assert a liability by the taxpayer for taxes which were due only in the sense that there remained such remedies as might be pursued by the taxpayer according to law before a determination relative thereto would be final. The Commissioner's letter obviously was an oversight, and was not a valid notice of deficiency within the meaning of Section 271.

Moreover, the claim made by the taxpayer's counsel on the oral argument before us to the effect that the amount paid was deliberately fixed by the taxpayer at $17,500, or $82.87 less than the amount proposed by the internal revenue agent, so that there would necessarily be a "deficiency" to confer jurisdiction upon the Tax Court, does no more than emphasize the wisdom of a clear-cut rule. In any event, and by sheer accident, as it appears, the amount actually found by the Commissioner to be due was less than $17,500.

We are content to follow the reasoning of Judge Dobie, writing for the Fourth Circuit in McConkey v. Commissioner of Internal Revenue, 1952, 199 F. 2d 892, where the facts were identical with those here. The taxpayer has two independent procedures open to him, with advantages and disadvantages in each. He should not be entitled to pick and choose a little from each for his benefit but should be restricted to the pursuit of either in an orderly manner. The payment of the amount claimed to be due is the prerequisite to a suit in a federal court for a refund. That remedy is still open to the taxpayer here. Whatever may be said for the desirability of holding government agents to the letter of official communications, especially in the routine of tax assessment and collection, we can see no point in holding that the Tax Court must assert jurisdiction upon the basis of the mistake made by the Commissioner here.

Affirmed.