Maria REPETTI, Plaintiff,

v.

Glen T. JAMISON, Director of Internal Revenue, Defendant.

No. 33161.

United States District Court
N. D. California, S. D.

Feb. 2, 1955.

Motion for Reconsideration Denied
April 18, 1955.

Wareham C. Seaman, Stockton, Cal., for plaintiff.

Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for defendant.

OLIVER J. CARTER, District Judge.

Plaintiff instituted this action under 26 U.S.C.A. § 272(a) (1) to restrain the assessment of income taxes claimed by defendant to be due to the Government. The section under which plaintiff proceeds provides as follows:

"If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this chapter, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within ninety days after such notice is mailed * * * the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. No assessment of a deficiency in respect of the tax imposed by this chapter and no distraint or proceeding in court for its collection shall be made, begun, or prose-

cuted until such notice has been mailed to the taxpayer, nor until the expiration of such ninety day period, nor, if a petition has been filed with the Board, until the decision of the Board has become final. Notwithstanding the provisions of section 3653(a) the making of such assessment or the beginning of such proceeding or distraint during the time such prohibition is in force may be enjoined by a proceeding in the proper court."

Defendant resists plaintiff's demand for an injunction, claiming that the alleged deficiency in plaintiff's return was the result of mathematical error, and therefore falls within 26 U.S.C.A. § 272 (f) which contains an exception to Section 272(a) (1). It provides in part:

"If the taxpayer is notified that, on account of a mathematical error appearing upon the face of the return, an amount of tax in excess of that shown upon the return is due, and that an assessment of the tax has been or will be made on the basis of what would have been the correct amount of tax but for the mathematical error, such notice shall not be considered * * * as a notice of a deficiency, and the taxpayer shall have no right to file a petition with the Board based on such notice, nor shall such assessment or collection be prohibited by the provisions of subsection (a) of this section."

The facts which gave rise to this dispute are set forth in the pleadings, and both parties have moved for summary judgment. Plaintiff (and plaintiff's now deceased husband) filed a declaration of estimated tax for the year 1945, and paid $296 as the tax estimated for that year; but part of the $296 was in fact an overpayment. In 1952 plaintiff filed returns for the years from 1944 through 1949 inclusive. The returns for 1948 and 1949 indicated some tax liability for those years but plaintiff claimed as a credit against that liability the amount paid as an overpayment on the 1945 dec-

laration of estimated tax. In December of 1952 the Director of Internal Revenue issued a Notice of Mathematical Error pursuant to 26 U.S.C.A. § 272(f). The notice stated that the error consisted of claiming a credit with respect to which the statutory period for allowance had expired.

■ A search of the authorities has not revealed a judicial construction of the term "mathematical error"; but it is the opinion of this Court that the term as used in the statute in question was meant to refer to errors in arithmetic. This opinion is based primarily on the common meaning given to the phrase "mathematical error," and also on the fact that Congress did not provide for a petition by the taxpayer to the Board of Tax Appeals in the case of such error. It would appear that the failure to provide for review of a determination of mathematical error was due to the fact that there can be no dispute as to a matter of arithmetical computation.

■■ The alleged error of the plaintiff was not a mistake in arithmetic or an inadvertent entry, and therefore it was not a mathematical error within the meaning of 26 U.S.C.A. § 272(f). Thus the Notice of Mathematical Error issued to plaintiff was ineffective as such, and plaintiff is entitled to the relief prayed for. It is not necessary for this Court to decide whether or not the credit claimed by plaintiff was barred by statute, because the purpose of the injunction referred to in Section 272(a) is to provide for an administrative review of a determination of deficiency. This was emphatically stated in Ventura Consol. Oil Fields v. Rogan, 9 Cir., 86 F.2d 149, 154–155:

"The injunction of section 274(a) (now section 272(a) ) is provided for the specific purpose of assuring taxpayer that a claimed deficiency shall be determined by the administrative process and adjudication by the Board of Tax Appeals provided by the statute. It must be granted

without condition. The Commissioner, by failing to perform his administrative duty, cannot deprive taxpayer of his statutory right and convert the special injunctive proceeding into a judicial determination of the tax."

Accordingly, it is ordered that the motion of plaintiff Maria Repetti for summary judgment be, and the same is hereby granted. The assessment of January 30, 1953 is hereby ordered to be removed from the assessment list, and defendant Glen T. Jamison, Director of Internal Revenue, his agents, servants and employees are hereby enjoined from taking any action to distrain plaintiff's property pursuant to the assessment of January 30, 1953.

### On Motion for Reconsideration

Defendant moves for reconsideration of this Court's order of February 2, 1955. That order granted plaintiff an injunction restraining the assessment and collection of income taxes alleged to be due the United States.

The amount alleged to be due the United States is small, and no doubt the defendant would like to avoid the procedure of issuing a ninety day letter (which is likely to be followed by the taxpayer filing a petition with the Tax Court). Defendant's first attempt to avoid issuing a notice of deficiency was to send plaintiff a Notice of Mathematical Error. In case of mathematical error the taxpayer has no right to petition the Tax Court, and the Director of Internal Revenue is under no obligation to wait ninety days before making an assessment. But the error which defendant alleges plaintiff made is not a mathematical error at all, as discussed in this Court's order of February 2, 1955.

Defendant now seeks to avoid issuing a ninety day letter by arguing that no deficiency exists. This argument is based on the fact that the only controversy between plaintiff and defendant is whether it was proper for plaintiff to take a credit for an overpayment of tax made in a previous year. Defendant contends that no deficiency resulted from plaintiff taking this credit, if it was erroneously taken, because 26 U.S.C.A. § 271(b) (1) directs that payments on account of estimated tax should not be considered in the computation of the proper tax. That section provides in part:

"The tax imposed by this chapter and the tax shown on the return shall both be determined without regard to payments on account of estimated tax * * * ."

In the opinion of this Court the quoted words have reference to payments made on account of tax for the tax year in question, and they do not refer to credits taken for overpayments made on account of estimated tax in prior years. The credit taken by plaintiff here was not for a payment on account of estimated tax for the year in question, but was a credit for an overpayment made several years before. Therefore the dispute between the parties is whether the plaintiff correctly took a credit in computing the amount due the Government in the year in question; the parties are not in dispute as to whether payments were made on account of tax admittedly owing to the Government.

Even under the construction of Section 271(b) (1) urged upon this Court by defendant, there would be a deficiency because plaintiff did in fact take the credit in computing her tax. If such action was erroneous under Section 271(b) (1), then a deficiency exists.

Defendant contends that there is no deficiency because plaintiff admits that she incurred a certain amount of tax liability in the year in question; this contention is refuted in Appeals of Moir, 3 B.T.A. 21, 22:

". . . in cases in which the taxpayer shows an amount of tax upon his return but does not admit that that amount of tax is due and collectible, it is the amount which he admits to be due and not the amount which appears upon the face of the return which is deemed the starting

point in the computation of a deficiency." (Citation omitted.)

■ It is immaterial that the defendant has refused to use the term "deficiency" in his notice to plaintiff. In Moore v. Cleveland R. Co., 6 Cir., 108 F.2d 656, 659, the Court said:

"It would seem, therefore, that whenever the taxpayer has failed to make adequate return of income, there is a deficiency, notwithstanding lack of determination by the Commissioner or his agents."

In Maxwell v. Campbell, 5 Cir., 205 F.2d 461, the Government took a position similar to the position of defendant here; that is, the Government contended that certain assessments that had been made were not deficiency assessments. The court there held that the assessments were deficiency assessments, and that the taxpayer was entitled to an injunction because no ninety day letter had been sent. See also Hastings & Co. v. Smith, D.C.E.D.Pa., 122 F.Supp. 604, 608–609, to the same effect.

■ In short, defendant by evasive and ambiguous action is seeking to avoid giving the taxpayer the opportunity to test the correctness of her claimed credit in the Tax Court. The patently spurious claim of mathematical error is indicative of an intention to frustrate rather than promote the purpose of the internal revenue laws to give the taxpayer his day in court. The present claim of no deficiency is equally spurious. The precise purpose of the injunctive power given the courts under 26 U.S.C.A. § 272(a) is to prevent arbitrary action on the part of the tax collecting authorities of the type and character here shown.

This Court does not express any opinion as to the validity of plaintiff's action in taking the disputed credit; as stated in this Court's order of February 2, 1955, the purpose of the injunction provided for by Section 272(a) is to permit the determination of such questions to be made by the Tax Court.

Defendant has stated an intention to proceed under the Internal Revenue Act of 1954, 26 U.S.C.A. Such action has not yet been taken, and therefore the propriety of such action, if it were taken, is not before this Court. Accordingly no opinion is expressed as to the validity of action contemplated by defendant under the 1954 Act.

It is ordered that the motion of defendant for reconsideration of this Court's order of February 2, 1955, be and the same is hereby denied.