**Glen T. JAMISON, Director of Internal Revenue, Appellant,**

v.

**Maria REPETTI, Appellee.**

**No. 14825.**

United States Court of Appeals
Ninth Circuit.

Sept. 7, 1956.

H. Brian Holland, Asst. Atty. Gen., I. Henry Kutz, Ellis N. Slack, Robert N. Anderson, Kenneth E. Levin, Attorneys, Department of Justice, Washington, D. C., Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for appellant.

Seaman & Dick, Wareham C. Seaman, Stockton, Cal., for appellee.

Before MATHEWS, HEALY and FEE, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

Maria Repetti filed a suit seeking an injunction against the Director of Internal Revenue to restrain the collection of assessments made against her on or about December 12, 1952. A motion by the Director to dismiss the action was denied. The Director then filed an answer setting up the defense that the assessments followed a notice of mathematical error in respect to the tax returns of Maria Repetti and her husband for 1948 and 1949 and the defense that the court was without jurisdiction to enjoin the collection of internal revenue taxes.

Upon respective motions therefor by both parties, the court granted summary judgment to Maria Repetti and issued an injunction against the collection of the taxes.

There has been no question raised as to the procedure of summary judgment. All the pertinent facts were before the court. Only questions of law were presented. No questions of material fact were involved.

The record shows that Maria and A. Repetti, as husband and wife, filed a joint Declaration of Estimated Tax for the calendar year 1945 and paid the sum of $296.00 thereon. No personal income tax returns were filed by either during calendar years 1944 to 1951. A. Repetti died during 1950. On October 23, 1952,

Maria Repetti took credit for the sum paid on the 1945 Declaration of Estimated Tax on the final returns then filed. These credits were for calendar years 1946, $26.00, 1948, $176.00, and 1949, $94.00, respectively. A further tax was paid upon the 1949 return.

The tax agency purported to act under Internal Revenue Code 1939, § 272(f), 26 U.S.C.A. § 272(f), which provides that, in the case of a "mathematical error appearing upon the face of the return," an assessment may be made summarily for the correct amount of tax. It is plain upon the record and indeed as the trial court noted that the administrative agency made no contention then that such a mathematical, that is, arithmetical, error appeared, nor has it done so before this Court. The attempted assessment was void.

The procedure which must be followed in a case where there is a supposed deficiency upon a basis other than "a mathematical error appearing on the face of the return" is outlined specifically in Internal Revenue Code 1939, § 272(a) (1). There "the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail." The important point is that this provision permits the taxpayer, within ninety days after the mailing of such notice, to petition the Tax Court to redetermine the deficiency. Assessment of deficiency, distraint or proceeding in court is proscribed during the ninety day period and until a decision of the Tax Court becomes final if review is sought. Courts are directly empowered to issue injunctions notwithstanding the wording of § 3653(a). The agency postulates that the deficiency claimed does not fall within the terms of § 272(a) (1), but our only concern is that the procedure adopted for the purported assessment is void on its face.

The trial court has an opinion of record which is persuasive. Repetti v. Jamison, D.C., 131 F.Supp. 626. No opinion is expressed by this Court as to the jurisdiction of any other court or body in other proceedings or other questions.

We hold that the assessment under Internal Revenue Code 1939, § 272(f), for "mathematical error appearing on the face of the return," is void on its face and therefore the trial court had power to issue injunction against proceedings thereunder notwithstanding the provisions of that section.

Affirmed.