Babetta Schmidt, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 54932.   Filed May 14, 1957.

Tom B. Markley, Esq., for the petitioner.
Edward H. Boyle, Esq., for the respondent.

## OPINION.

OPPER, *Judge:* The record is not as clear as it might be, but as nearly as can be ascertained, the first issue arises against the following background: In 1944 petitioner concededly overpaid her estimated tax for that year by some $2,400. No estimate was filed for 1945, and until 1952 no final returns were filed for the years 1944 through 1949. In the 1944 return filed in 1952, petitioner requested that her 1944 overpayment be applied against estimated tax, and in her 1945 return filed at the same time, she requested that the 1944 overpayment be applied against her tax for 1945. Her 1945 return showed as due only the computed tax less the deducted 1944 overpayment. And apparently only the difference was paid with the return in 1952.

Respondent has determined deficiencies for 1944 and 1945 as well as for two of the other years but none of these deficiencies are in issue. The first controversy appears accordingly to be whether the Tax Court has any basis for determining that there has been an overpayment for 1945 when, in fact, no amount has been paid beyond that concededly due.

In her motion to amend her petition, petitioner states the proposition as follows:

Since the filing of the petition herein and the respondent's answer thereto, the Director of Internal Revenue has issued his demand for payment against petitioner on Form 21A, for the year 1945 in the amount of $2,473.00 plus interest. Despite the fact that the Commissioner of Internal Revenue in his notice of deficiency * * * asserted no such deficiency of $2,473.00 for said year 1945; and, until the issuance by the District Director of a demand for payment, taxpayer had no notice of any disallowance of said *credit* or that the same was in issue. Therefore, the dispute by the petitioner and respondent as to whether petitioner, in computing the amount due the government in the year in question, correctly took the aforesaid credit of $2,473.00 cannot be resolved in this proceeding, and taxpayer will be forced to seek an injunction against the Director of Internal Revenue restraining him from collecting said tax unless petitioner is allowed to amend her petition herein, thereby framing the issue. [Emphasis added.]

No appeal has been taken from the determination with respect to 1944, the year when the payment in question was made. The Tax Court accordingly has no jurisdiction over that year. *John R. Thompson Co.*, 10 B. T. A. 57. The record appears to indicate that there has been no overpayment for 1945, or at least petitioner, on whom lay the burden, has not proved otherwise. As petitioner points out, respondent did not determine any deficiency with respect to the 1945 credit for the 1944 overpayment. See *John Moir et al.*, 3 B. T. A. 21, but see sec. 271 (b) (1), I. R. C. 1939. He has hence not found in any determination over which we have jurisdiction that the credit for the overpayment was improperly taken. There is nothing upon which the Tax Court could properly act. We could not determine that there is no deficiency or that there is a deficiency of a different amount since 1944 is not in issue and 1945 is conceded. Cf. *Ribbon Cliff Fruit Co.*, 12 B. T. A. 13, 17. We could not determine that there has been an overpayment for 1944 because that year is not before us, nor for 1945, since the facts do not show that anything more than the tax due, even on petitioner's own statement, has actually been paid.

We intimate no opinion as to whether respondent could now determine a further deficiency in tax for 1945 thereby placing in issue the propriety of the credit taken. But see sec. 272 (f), I. R. C. 1939. It may be that under appropriate circumstances petitioner could prevent the threatened assessment and levy by resorting to the injunctive process. See *Repetti* v. *Jamison*, (N. D., Cal.) 131 F. Supp. 626, affd. (C. A. 9) 239 F. 2d 901. Upon this possibility also we are required to express no opinion.[1] We conclude only that in the present posture of the case there is no determination which the Tax Court can make on the issue as presented except that the deficiency in income tax for 1945 was properly determined and that there is no overpayment of tax for that year.

---

[1] The parties have stipulated that "no part of the $2,473.00 has been allowed in satisfaction of petitioner's tax liability for 1945 or any later year," and we have so found. We

On the second issue, we have found it impossible to make the finding requested by petitioner, that she relied upon her accountant to prepare all necessary returns for her and that, therefore, her failure to file any timely final returns whatever for the years in question was due to "reasonable cause." [2]  This results not so much from the question of whether the accountant himself was properly qualified, an issue as to which we find it unnecessary to express an opinion, see *Walter H. Kaltreider*, 28 T. C. 121; *Heatbath Corporation*, 14 T. C. 332; *Hermax Co.*, 11 T. C. 442, affirmed per curiam (C. A. 3) 175 F. 2d 776, as from petitioner's own testimony.

According to her statement, it was her practice to take the initiative in calling upon the accountant for the preparation of any required documents.  Her evidence offers no explanation as to the complete absence of any timely returns for the years 1945 and 1947.  Even if she might otherwise have thought that a return of estimated tax was sufficient, the record indicates that in those 2 years not even the estimates were filed.  And there is no explanation.

The accountant testified that for the year 1945 he prepared and delivered to her a declaration of estimated tax.  Petitioner was silent as to this point.  For whatever reason, the estimate was not filed. 1945 is the earliest of the "penalty" years involved here.  The lack of any showing of reasonable cause for the failure to file currently any returns whatever for that year and for 1947 colors petitioner's entire conduct with respect to the whole period.  While we need not say that she was guilty of willful neglect, and indeed respondent concedes this portion of the issue, we cannot on the evidence find that in any of the years the failure to file the final return was due to reasonable cause. Petitioner must have known that the accountant could not be relied upon if he failed to prepare her 1945 estimate.  She must have been guilty of indifference to the requirements of the law if she failed to get in touch with him for that purpose, or neglected to file any estimate that was prepared.  In either event, her frame of mind indicates a lack of that respect for the legal requirements which would make it possible for us to determine that all of the omissions were due to reasonable cause.  See *Rene R. Bouche*, 18 T. C. 144.  The facts alluded to distinguish this from such situations as *Herbert Marshall*, 41 B. T. A. 1064, and *Estate of Frederick C. Kirchner*, 46 B. T. A. 578. On this issue respondent is sustained.

*Decision will be entered under Rule 50.*

construe this as meaning merely that respondent has taken no affirmative factual action to allow any such credit.  To the extent that he may, as a matter of law, have so acted as to cause some different result to follow, the matter is not factual and cannot be stipulated by the parties, and this, as we have already emphasized, is not being decided here.

[2] SEC. 291. FAILURE TO FILE RETURN.

(a) In case of any failure to make and file return required by this chapter, within the time prescribed by law or prescribed by the Commissioner in pursuance of law, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the tax: * * *