522

ANTHONY B. CATALDO AND ADA W. CATALDO, PETITIONERS *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6506–72.   Filed June 28, 1973.

Anthony B. Cataldo, pro se.
*H. Stephen Kesselman,* for the respondent.

#### OPINION

SIMPSON, *Judge:* On October 16, 1972, the respondent filed a motion to dismiss this case for lack of jurisdiction. Hearings were held on such motion, and the parties have submitted memorandums of law in support of their positions.

The petition in this case was received by the Tax Court on August 14, 1972. It was contained in an envelope bearing a postmark date of August 10, 1972.

Section 6213(a) of the Internal Revenue Code of 1954 [1] provides that a petition must be filed with the Tax Court within 90 days after the statutory notice of deficiency is mailed to a taxpayer in the United States. Pursuant to section 7502(a)(1), if a petition is sent to this Court by mail in accordance with the provisions of that section, the date of the postmark stamped on the envelope in which the petition is mailed is deemed to be the date of delivery of the petition. This 90–day filing requirement is jurisdictional, and this Court does not acquire jurisdiction of the case unless the petition is timely filed. *Baker L. Axe,* 58 T.C. 256 (1972); *Jacob L. Rappaport,* 55 T.C. 709 (1971), affirmed without opinion 456 F. 2d 1335 (C.A. 2, 1972).

The respondent contends that the notice of deficiency in this case was mailed on February 26, 1971, 532 days before the postmark date of the petition of August 10, 1972, and that this Court, therefore, lacks jurisdiction of this case. The petitioners contend that the respondent did not have the power to issue a notice of deficiency because he did not afford the petitioners an Appellate Division hearing or the opportunity for such a hearing, as he was required by the Statement of Procedural Rules. 26 C.F.R. part 601. They also contend that the respondent has not proved by competent evidence that the notice of deficiency was mailed and the date thereof.

There is a factual dispute as to whether the petitioners were provided

---

[1] All statutory references are to the Internal Revenue Code of 1954.

an opportunity for a hearing before the Appellate staff with respect to 1965, the year in issue in this case. However, based on all the evidence and testimony in the record, it appears that there were conferences concerning the petitioners' tax liability for 1964 and that it was Mr. Cataldo who suggested deferring discussion of their liability for 1965 until the settlement of their liability for 1966. It also appears to be undisputed that Mr. Cataldo was advised that if the liability for 1966 was not settled promptly, the IRS would proceed to issue the notice with respect to 1965. Under such circumstances, the petitioners' complaint that they were not given an administrative hearing with respect to the year 1965 has little or no merit.

Moreover, the providing of such a hearing "is not essential to the validity of a notice of deficiency." *Luhring* v. *Glotzbach*, 304 F. 2d 560, 563 (C.A. 4, 1962) ; *Philip F. Flynn*, 40 T.C. 770 (1963). It has been held repeatedly that the procedural rules do not have the force of law. *Rosenberg* v. *Commissioner*, 450 F. 2d 529 (C.A. 10, 1971), affirming a Memorandum Opinion of this Court; *Luhring* v. *Glotzbach, supra; Michael Pendola*, 50 T.C. 509 (1968) ; *Philip F. Flynn, supra; M. Hunter Brown*, 27 T.C.M. 127, 37 P–H Memo. par. 68,029 (1968), affirmed per curiam on another issue 418 F. 2d 574 (C.A. 9, 1969). The procedural rules, which were adopted without the approval of the Secretary of the Treasury, are :

directory and not mandatory in legal effect, and they do not curtail the power conferred upon the Secretary of the Treasury or his delegate by § 6212, I.R.C. to send a notice of deficiency if he determines that there is a deficiency in the tax shown on the taxpayer's return. [*Luhring* v. *Glotzbach, supra* at 565; fn. omitted.]

The cases relied on by the petitioners involve situations in which assessment was made without the sending of a notice of deficiency or in which a notice was sent for a year in which there was no tax liability. *Schmidt* v. *Commissioner*, 272 F. 2d 423 (C.A. 9, 1959), reversing and remanding 28 T.C. 367 (1957) ; *Steiner* v. *Nelson*, 259 F. 2d 853 (C.A. 7, 1958) ; *Bendheim* v. *Commissioner*, 214 F. 2d 26 (C.A. 2, 1954), affirming a Memorandum Opinion of this Court; *Columbia River Orchards, Inc.*, 15 T.C. 253 (1950) ; *Schreck* v. *United States*, 301 F. Supp. 1265 (D. Md. 1969). Such cases are clearly distinguishable from the present case. The petitioners seek to distinguish one of the cases relied upon by the respondent from the present case on the basis that the holding in such case did not deprive the Court of jurisdiction, since the petition had been timely filed. *Rosenberg* v. *Commissioner, supra*. In such case, the court held that the failure to follow the procedural rules did not invalidate a notice of deficiency, and there is nothing in the reasoning of such opinion to indicate that a different holding would result if the petition had not been timely

filed. We must, therefore, find that the respondent had the power to issue a notice of deficiency in this case.

We also find that the respondent has proved by competent evidence that the notice of deficiency was mailed on February 26, 1971. An employee of the respondent testified to the standard procedure that is used in mailing a notice of deficiency from the New York office of the Internal Revenue Service. Such procedure includes the listing on the Post Office Department Form 3877, Application for Registration, of the names and addresses on the notices of deficiency to be sent that day. When the notices are taken to the U.S. Post Office, a Post Office clerk checks the window envelopes containing the notices with the form 3877, and if he accepts the letters, he stamps the form 3877 with the date of the mailing. The respondent introduced into evidence a form 3877 which listed the petitioners' names and what they have conceded to be their last known address, and which bore the postmark date of February 26, 1971. Moreover, the respondent's witness testified that she prepared the form 3877 in this case and that she always followed the standard procedure.

The petitioners do not dispute the existence of a standard procedure, but rather, argue that the respondent's evidence is not competent because it is not based upon personal recollection of the mailing of the notice of deficiency to the petitioners. To require the respondent's employees to be able to personally recall each of the several thousand notices of deficiency which are mailed annually would place an impossible burden on the respondent, and this Court will not impose such a burden. This Court simply requires the respondent to establish his procedure for the mailing of such notices and to introduce evidence showing that such procedure was followed in the case before it. *Angelo Vitale*, 59 T.C. 246 (1972); *Raymond S. August*, 54 T.C. 1535 (1970). In this case, the respondent established such procedure and introduced such evidence without the necessity of calling as witnesses either his messenger, who delivered the notices to the U.S. Post Office, or the Post Office clerk. Under such circumstances, it is not necessary, as the petitioners contend, to call such witnesses.

The petitioners further contend that they did not receive the notice of deficiency and that under such circumstances, a showing of whether the notice was returned to the respondent by the postal authorities is an important part of the respondent's proof. A notice of deficiency which is properly mailed need not be received to be effective (*Brown* v. *Lethert*, 360 F. 2d 560 (C.A. 8, 1966); *Jack D. Houghton*, 48 T.C. 656 (1967)), and the showing of whether a notice was returned is not an essential part of the proof required to show that a notice has been properly mailed.

The petitioners also contend that the notice of deficiency was not signed by an authorized official. The respondent introduced competent evidence showing that the notice was signed by an authorized official, and in their memorandum, the petitioners have apparently dropped this contention except to argue that no witness could, from his own recollection, recall the signing of the deficiency notice in this case. Such personal recollection is not required, especially where, as in this case, records kept by the respondent in the ordinary course of his business clearly indicate that an authorized official signed the notice of deficiency. Accordingly, we conclude that the respondent's motion to dismiss for lack of jurisdiction should be granted.

*An appropriate order will be entered.*