MARY FRANCES STROMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stroman v. Commissioner
Docket No. 9649-76.
United States Tax Court
T.C. Memo 1978-96; 1978 Tax Ct. Memo LEXIS 416; 37 T.C.M. (CCH) 444; T.C.M. (RIA) 780096; March 9, 1978, Filed Christopher Weil and James R. Craig, for the petitioner. Charles L. McReynolds, Jr., for the respondent. HALL MEMORANDUM OPINION HALL, Judge: Respondent determined the following deficiencies in petitioner's Federal *417 income tax: Year
Deficiency
1968
$4,775.00
1969
2,647.17
1970
800.75
On December 8, 1976, respondent filed a Motion to Dismiss for Lack of Jurisdiction. Petitioner resided in Dallas, Texas, at the time she filed her petition. In 1972 respondent audited the 1968, 1969 and 1970 joint income tax returns filed by petitioner and her ex-husband. After conferences and negotiations with respondent's agents, petitioner and her ex-husband agreed to the assessment of deficiencies for 1968, 1969 and 1970 in the amounts noted above. On November 13, 1973, petitioner and her ex-husband signed a Form 870-AD, Offer of Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and of Acceptance of Overpayment, which was accepted by respondent on November 16, 1973. However, the Form 870-AD contained the following express limitation: Note: Execution of this form by Mrs. Mary Frances Stroman is not intended by her to be a waiver of any rights under IRC Section 6013(e) or other provisions of law to contest collection against her as innocent spouse. After receipt of the Form 870-AD, and apparently after not being able to collect from *418 petitioner's ex-husband, respondent attempted to collect the agreed amount of petitioner's joint and several liability from petitioner by warning her that if she didn't pay her homestead would be levied upon. On February 19, 1975, respondent issued a formal notice of seizure and levy. In response to this attempted collection, petitioner filed suit against the District Director in the United States District Court for the Northern District of Texas, Dallas Division, seeking an injunction against collection of the tax. Mary Frances Stroman v. A. W. McCanless, Civil Action No. 3-75-0328-C (N.D. Tex., April 14, 1975). The basis of petitioner's suit was that although she had agreed to the amount of the deficiency, she had not waived her right to prepayment judicial review in the Tax Court of her status as an innocent spouse. Accordingly, petitioner sought to enjoin collection of the tax unless and until respondent issued her a statutory notice of deficiency. In its Memorandum Opinion the District Court agreed with petitioner's contention. The District Court granted a permanent injunction against respondent's collection of the tax subject to the issuance of a notice of deficiency *419 to petitioner and exhaustion of the rights provided in section 6213. [1] Accordingly, respondent mailed a statutory notice of deficiency to petitioner on July 23, 1976, and petitioner timely filed a petition to this Court. On December 8, 1976, respondent filed his motion to dismiss. *420 In his motion respondent contends alternatively that (1) there is no deficiency (because of the waiver contained in the Form 870-AD) and therefore no notice of deficiency can be validly issued, or (2) a statutory notice issued pursuant to the court order is invalid for the purpose of invoking the jurisdiction of this Court. As to respondent's first contention, the basic thrust of respondent's argument is that "[the] opinion and order of the United States District Court * * * was not well founded as a matter of law * * *." In essence respondent wishes us to relitigate the question of the rights retained by petitioner in the condition to the waiver she executed. The District Court held that petitioner had not waived her prepayment remedies by her conditional signing of Form 870-AD and ordered respondent, if he wished to collect any additional tax from petitioner, to issue a statutory notice. The basic principles of res judicata preclude us from reconsidering the District Court's decision. Appeal from the judgment of the District Court lies in the United States Court of Appeals, not the United States Tax Court. As to respondent's second contention, respondent has cited no *421 authority, and we find none, for the conclusion that a statutory notice issued pursuant to an order of a District Court does not create jurisdiction in this Court. Respondent was not required by the District Court to issue a statutory notice; however, the notice was the only means by which respondent could attempt to collect the alleged deficiency. The only situation we have found in which this Court has held that a statutory notice is not sufficient to create jurisdiction is when a notice is erroneously issued after payment of the tax. Bendheim v. Commissioner,214 F. 2d 26, 28 (2d Cir. 1954); Anderson v. Commissioner,11 T.C. 841, 843 (1948). Compare Hannan v. Commissioner,52 T.C. 787, 791 (1969). By contrast, in this case respondent deliberately issued a statutory notice of deficiency in order to attempt to collect an alleged underpayment of tax. In such a case we conclude that the jurisdiction of this Court may properly be invoked to afford the taxpayer a prepayment judgment as to her obligation to pay the tax. An appropriate order will be entered. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the years in issue. Section 6213(a) provides: (a) Time for Iling Petition and Restriction on Assessment.--Within 90 days, or 150 days if the notice is addressed to a person outside the States of the Union and the District of Columbia, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provide in section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B or chapter 42 and no levy or proceeding in court for its collection shall be made, begun or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petitioner has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.↩