LEON FAULKNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Faulkner v. Commissioner
Docket No. 13548-78.
United States Tax Court
T.C. Memo 1980-90; 1980 Tax Ct. Memo LEXIS 494; 40 T.C.M. (CCH) 1; T.C.M. (RIA) 80090; March 25, 1980, Filed Leon Faulkner, pro se. Louis Carluzzo, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency in the income tax of petitioner of $16,044.66 for the year 1975. In addition, he has asserted a late filing penalty under section 6651(a)[1] of $2,406.70. The issues for our decision are whether petitioner is allowed a deduction for amounts wagered and lost in gambling during the year in issue, and whether the tardy filing of his income tax return was due to reasonable cause or willful neglect. *495 FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the attached exhibits are incorporated herein by this reference. [2]
The petitioner is an individual who resided in Washington, D.C., at the time the petition was filed in this case. He filed his income tax returns for the year 1975 with the Internal Revenue Service in Philadelphia, Pennsylvania, on June 25, 1976. The petitioner did not request nor did the respondent grant to him, any extensions with respect to the filing of this return. On his income tax return, the petitioner indicated that he had income from two sources. The first was funds that he received as a result of a disability pension; the second was income identified as "race track winnings and profit." Petitioner computed his race track winnings and profits as follows: Winnings
$37,867.60
Less Wagers
34,150.00
Overall Profit
3,717.60
*496 Petitioner reported as winnings only the amounts which were reflected on a United States Treasury Department Form 1099 (hereafter referred to as Form 1099). During 1975, petitioner had additional winnings which were not reflected on a Form 1099. Petitioner did not report these additional winnings as income on his income tax return because he believed that only Form 1099 winnings were taxable. Petitioner's Form 1099 winnings during 1975 totalled $41,511.70. The discrepancy between what petitioner reported as his Form 1099 winnings and the amount actually reflected on various Form 1099s for 1975 was due mainly to an error made in petitioner's computation of his 1099 winnings. In his notice of deficiency, the Commissioner increased petitioner's income to $41,511.70 so as to account for the erroneous computation; he did not increase petitioner's income to reflect additional winnings not reflected on a Form 1099. In addition, the Commissioner disallowed in full the amount petitioner claimed as deductible "wagers," the amount he claimed to have bet during the year. Petitioner did not retain any losing tickets with respect to amounts bet and lost. Petitioner did keep a monthly *497 diary for 1975 which set forth the amount bet during the month and the resulting net win or loss. OPINION Petitioner, a disabled retiree, spent a great deal of time in 1975 gambling at various racetracks. On his income tax return for that year, he listed the sum of $3,717.60 as his overall profit from gambling. He arrived at this figure by subtracting the amount he bet during the year, or "wagers," listed as $34,150 from his winnings listed as $37,867.60. The only winnings he reported were those reflected on a Form 1099 filed by various racetracks. Petitioner concedes that he had other winnings, not reflected on a Form 1099, which were not reported as income on his return. The parties have stipulated that this omission was due to petitioner's belief at the time that only Form 1099 winnings were taxable. Upon audit, respondent increased petitioner's gambling income by $3,644.10 to reflect an error made by petitioner in computing his Form 1099 winnings. Respondent did not increase petitioner's income above that which was shown on the various Form 1099s. In addition, respondent disallowed in full the $34,150 petitioner listed as his wagers for the year under section 162(d) *498 [3] for lack of substantiation. The issues for our determination are the amount of income petitioner received from gambling and whether he is allowed a deduction for gambling losses under section 162(d). In addition, we must decide whether the filing of petitioner's income tax return 2 months and 10 days after the required date was the result of willful neglect or due to reasonable cause. Respondent argues that petitioner has not adequately substantiated the amount he deducted from his winnings, and thus under Schooler v. Commissioner,68 T.C. 867 (1977), he is entitled to no deduction. Petitioner argues that he wagered large amounts of money during the year, that some months he sustained net losses, and that he kept a monthly record of his net winnings and losses, which accurately reflects his income from the racetracks. We agree with respondent that petitioner's income should be increased in the amount *499 the Commissioner determined. However, we find the facts of this case distinguishable from Schooler v. Commissioner,supra, and therefore we allow petitioner a deduction for a determined amount of funds wagered and lost during the year. In addition, we uphold the application of the late filing penalty under section 6651(a), since petitioner has not convinced us that the tardiness in filing his income tax return was due to reasonable cause, rather than willful neglect.
I. Gambling Income
In Schooler v. Commissioner,supra, the taxpayer kept no records whatsoever of his gambling activities and reported no income on his tax return attributable to gambling. The Commissioner, using the amounts shown on Form 1099s, attributed $14,773 as income to the taxpayer from gambling. At trial, the taxpayer argued that because he and his wife lived modestly during the year in issue and had to borrow sums of money, he had sufficiently proved to the Court that his gambling losses exceeded his gains. In upholding the Commissioner's determination, the Court held that the mere act of borrowing money and the absence of a lavish lifestyle did not in itself *500 prove that gambling losses exceeded gains. [4] Although in other situations the Court had applied the rule laid down in Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930), to permit deductions based on estimated losses, the Court reasoned that the Cohan rule was inapplicable in the case before it, since it was not convinced that net losses had in fact been sustained. Because the petitioner could not produce any evidence from which the Court could estimate petitioner's winnings and losses, no deduction for gambling losses was allowed. We find Schooler distinguishable from the case before us now, because petitioner has submitted evidence, a monthly diary, from which losses or winnings can be estimated, and we are convinced that in fact, petitioner did wager large amounts and did sustain losses during the year in issue. Petitioner reported the gambling winnings *501 that he thought were taxable, and attached to his income tax return for 1975 a sheet which listed his Form 1099 winnings as well as the amounts wagered each month from his monthly records. Petitioner did not produce his monthly diary at trial but because we were convinced that he had indeed kept a diary and could possibly find it if given the time, we allowed the record to remain open with the consent of the respondent. Petitioner later submitted his records to the Court, and his monthly diary was admitted into evidence without objection. After close examination, we are satisfied that the monthly diary, in which petitioner recorded the amount he wAgered each month and his net winnings or losses therefrom accurately reflects his gambling winnings and losses for the year. The amounts recorded as "wagers" are in complete accord with the amounts listed each month on the sheet attached to his income tax return filed several years previously. Furthermore, the amounts recorded as winnings reflect not only his 1099 winnings, but the additional sums he won from gambling--winnings which respondent did not attribute to him in his notice of deficiency. Because the question is a factual one, *502 Schooler v. Commissioner,supra, we find that from the facts and circumstances before us, petitioner is entitled to a deduction for the amounts wagered and lost in excess of his admitted additional winnings in order to compute his income from gambling. The diary shows that petitioner wagered $34,150 during the year, and had winnings of $55,573. Respondent increased petitioner's income only to $41,511.70 to reflect a computation error in his Form 1099 winnings. Certainly, in view of the fact that there were admitted additional winnings, we find this adjustment appropriate. However, we also find that from the $41,511.70, petitioner is entitled to a deduction of $20,088.70 which reflects the excess of the sums wagered and lost over petitioner's admitted additional winnings which were not reflected on a Form 1099. II. Late Filing Penalty
Petitioner testified that the reason his income tax return was filed 2 and 1/2 months late was due to the illness of his tax preparer. However, petitioner is the person responsible for insuring that his tax returns are filed in a timely manner. Although he testified that he did turn over the relevant papers to his *503 tax preparer, there is nothing to indicate that petitioner took any further steps to assure the return was filed on time, such as making inquiries about the return or attempting to retrieve the papers so that he could take them to another preparer. Under these circumstances, we find that the illness of petitioner's tax preparer does not constitute reasonable cause for the late filing of petitioner's income tax return. See Robinson's Dairy, Inc. v. Commissioner,35 T.C. 601 (1961); Schmidt v. Commissioner,28 T.C. 367 (1957), revd. and remanded on another issue, 272 F.2d 423 (9th Cir. 1959). Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect for the year in issue.↩
2. In addition to the exhibits attached to the stipulation of facts, records were submitted by petitioner to the Court subsequent to trial, pursuant to an order by the Court to keep the record open for a period of time. These records were submitted without objection by the respondent and entered into evidence. They are also incorporated herein.↩
3. Sec. 162(d) reads as follows: (d) WAGERING LOSSES.--Losses from wagering transactions shall be allowed only to the extent of the gains from such transactions.↩
4. Indeed, in Schooler v. Commissioner,68 T.C. 867↩ (1977) the Court found that the evidence revealed a comfortable lifestyle on the part of the petitioner. The sums borrowed were used, among other things, to build a swimming pool in petitioner's backyard next to his horse stables.