NORMAN DORFF and DOROTHY J. DORFF, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dorff v. Commissioner
Docket No. 24088-87.
United States Tax Court
T.C. Memo 1988-117; 1988 Tax Ct. Memo LEXIS 140; 55 T.C.M. (CCH) 412; T.C.M. (RIA) 88117; March 16, 1988. Norman Dorff, pro se. Leslie J. Spiegel, for the respondent. SWIFT
MEMORANDUM OPINION SWIFT, Judge: This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction. We must decide whether petitioners timely filed their petition for their 1979 taxable year under section 6213(a). [1] Petitioners resided in New York, New York at the time their petition was filed. By notice of deficiency dated March 23, 1987, respondent *141 determined a deficiency in petitioners' 1979 Federal income tax in the amount of $ 18,346. [2] The notice of deficiency was sent to petitioners' last known address by certified mail. Petitioners filed their petition on July 16, 1987, which is 115 days after March 23, 1987. On December 16, 1987, respondent filed his motion to dismiss. A petition in this Court for redetermination of a deficiency must be filed within 90 days (or 150 days if the notice of deficiency is addressed to a person outside the United States) of the proper mailing of the notice of deficiency in order for a taxpayer to be entitled to litigate in this Court. Sec. 6213(a). The 90-day filing requirement must be satisfied as a prerequisite to this Court's jurisdiction. Zenco Engineering Corp. v. Commissioner, 75 T.C. (1980); Cataldo v. Commissioner,60 T.C. 522 (1973), affd. per curiam 499 F.2d 550 (2d Cir. 1974). *142 A notice of deficiency is considered to have been properly mailed when the notice of deficiency is mailed by respondent to the taxpayer's last known address by certified or registered mail. Sec. 6212(a). If a notice of deficiency is properly mailed, a presumption arises that the notice was delivered or offered for delivery to the taxpayer in the normal course of the mail. Zenco Engineering Corp. v. Commissioner, supra at 323; Cataldo v. Commissioner, supra at 524. The 90-day filing period runs, however, regardless of whether the taxpayer actually receives the notice of deficiency. Ramirez v. Commissioner,87 T.C. 643, 650 (1986); Cataldo v. Commissioner, supra at 524. Petitioners contend that the notice of deficiency for 1979 was mailed to petitioners not on March 23, 1987, but on April 14, 1987, with a notice of deficiency for 1983 that was mailed on that date by respondent to petitioners. Petitioners' contention is not supported by the record. Respondent submitted a copy of United States Postal Service Form 3877 with his motion to dismiss to establish the mailing of the notice of deficiency for 1979. Listed on the *143 Form 3877 are petitioners' names, the address of petitioners' residence, an identification of the notice of deficiency at issue, and verification of the March 23, 1987, postmark, thereby demonstrating that respondent mailed the notice of deficiency to petitioners on March 23, 1987. In Magazine v. Commissioner,89 T.C. 321, 327 n. 8 (1987), we noted that the Form 3877 represented direct evidence of the mailing date of a notice of deficiency. We conclude that respondent mailed to petitioners the notice of deficiency for 1979 on March 23, 1987. The petition in this case, therefore, was not timely filed. Respondent's motion to dismiss for lack of jurisdiction will be granted. An appropriate order will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as in effect during the year in issue. ↩
2. The record does not contain a Form 872A extending the statute of limitations on assessment for 1979. Petitioners, however, have not raised the timeliness of the notice of deficiency as an issue in this case. See Rule 39, Tax Court Rules of Practice and Procedure.↩