GORDON AND CATHY BELLIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bellis v. Commissioner
Docket No. 9715-88.
United States Tax Court
T.C. Memo 1989-277; 1989 Tax Ct. Memo LEXIS 277; 57 T.C.M. (CCH) 667; T.C.M. (RIA) 89277; June 8, 1989. Edward B. Simpson, John Gigounas and James Booher, for the petitioners. Ann M. Murphy, for the respondent. GERBER
MEMORANDUM OPINION GERBER, Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction. We held a hearing on the motion on December 9, 1988, and received stipulations, testimony and exhibits. The findings of fact and opinion are combined for simplicity. For purposes of this opinion, petitioners will refer to Gordon and Cathy Bellis, although petitioner Cathy Bellis died after their petition was filed. All section references are to the Internal Revenue Code as amended and in effect for the year at issue. The issue for our consideration is whether respondent may properly use ordinary certified mail to send notices of deficiency consistent with section 6212 and the Fifth Amendment due process clause. Petitioners resided at 2504 Scott Street in San Francisco, California, and have resided at that address for approximately 20 years. On May 29, 1987, respondent mailed petitioners a notice of deficiency for taxable year 1984 by certified mail to the Scott street address. The Postal Service *279 delivered the notice on June 1, 1987. PS Form 3849-A, Delivery Notice or Receipt, showed someone received the notice who signed the name Cathy Bellis. This signature was different than the signature appearing on some of Cathy Bellis' checks. The petition in this case was filed May 9, 1988. Petitioners had received other notices of deficiency for earlier taxable years. For such earlier years, petitioners had referred the matters to tax counsel, petitioned the Tax Court, and later settled. Certified mail provides the sender with a mailing receipt and a record of delivery at the address. The Post Office obtains a receipt for delivery to the address on a PS Form 3849-A. When delivering certified mail, the Post Office does not ask for identification from the person receiving the mail or signing the delivery receipt. For an additional fee, the Post Office will provide "restricted delivery" service. With restricted delivery, the postal employee will ask for identification from an individual receiving certified mail. Respondent does not use the restricted delivery service when mailing notices of deficiency. This Court lacks jurisdiction if the petition is not filed within 90 *280 days after the notice of deficiency is mailed. Section 6213(a); Cataldo v. Commissioner,60 T.C. 522 (1973), affd. per curiam 499 F.2d 550 (2d Cir. 1974). Since the petition in this case was not filed until May 1988, respondent argues that we lack jurisdiction because the notice of deficiency was mailed in May 1987. Section 6212(a) provides that the Secretary is authorized to send a notice of deficiency to the taxpayer by "certified mail or registered mail." The notice of deficiency is sufficient if mailed to the taxpayer at his last known address. Section 6212(b)(1). Petitioners argue that respondent bears the burden of proving actual delivery, that respondent is required to use restricted delivery certified mail, and that mailing by ordinary certified mail deprives petitioners of due process of law where petitioners did not receive notice. Even if petitioners did not receive the notice of deficiency, that does not affect its validity. There is nothing in the statute requiring actual receipt of the notice by petitioners. Cataldo v. Commissioner, supra;Houghton v. Commissioner,48 T.C. 656, 660 (1967). "Congress, *281 when it 'authorized' service by registered mail, did not intend to require actual receipt by the addressee of the letter. Rather, it permitted the use of a method of giving notice that would ordinarily result in such receipt." Cohen v. United States,297 F.2d 760, 772 (9th Cir. 1962). Respondent has proven with postal service records and petitioners have stipulated to the fact that the notice of deficiency was mailed on May 29, 1987. This is sufficient. Zolla v. Commissioner,724 F.2d 808 (9th Cir. 1984). Respondent mailed the notice to petitioners' last known address, their residence for the past 20 years. Estate of McKaig v. Commissioner,51 T.C. 331 (1968), is inapposite because that case involved what constituted the proper last known address, a contention not at issue here. Finally, the notice was properly delivered to the correct address, although there is some doubt that Cathy Bellis signed the delivery receipt. We find that the notice was validly mailed. Zenco Engineering Corp. v. Commissioner,75 T.C. 318 (1980), affd. 673 F.2d 1332 (7th Cir. 1981). Petitioners' other contentions also *282 lack merit. The statute expressly states that respondent is authorized to send notices of deficiency by certified mail, without any other directive. There is nothing in the legislative history of what is now section 6212 to indicate that Congress intended deficiency notices be mailed certified and with restricted delivery. 65 Cong. Rec. 2970 (1924) [statement of Rep. Chindblom]. Further, if Congress, or a Court, intends to require delivery of documents or service of papers in a specified manner, they know how to do so. See section 7603 (service of summons); Fed. R. Civ. P. 4. Absent specific congressional directive, ordinary certified mail is sufficient. Eisenberg v. Commissioner,T.C. Memo. 1983-767, affd. without published opinion 753 F.2d 1078 (7th Cir. 1985). Finally, petitioners' constitutional due process claims do not aid them. The Fifth Amendment prohibits the taking by the Federal Government of property without due process of law. This includes notice of a proceeding taking property. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality *283 is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action * * *." Greene v. Lindsay,456 U.S. 444, 449-450 (1982); Mullane v. Central Hanover Bank & Trust Co.,339 U.S. 306 (1950). Preliminarily, there is considerable doubt whether petitioners' inability to litigate in this Court constitutes a final determination of a judicial taking. Petitioners can still pay the tax and sue for a refund. See section 7422. Any determination that we lack jurisdiction does not bar a refund suit on the underlying merits. In that sense, it is not final. "We have no doubt that the Congress, if it chose to do so, could have required the taxpayer to pay first and then litigate, in all cases." Cohen v. United States, supra at 772. See Phillips v. Commissioner,283 U.S. 589 (1931); Tavares v. United States,491 F.2d 725 (9th Cir. 1974). More important, ordinary certified mail ensures delivery to a particular address, and makes it more than reasonably likely that petitioners would receive the notice. This is especially so under the statutory requirement *284 that it be sent to the last known address. "[T]he mails provide an 'efficient and inexpensive means of communication,' * * * upon which prudent men will ordinarily rely in the conduct of important affairs * * *." Greene v. Lindsay, supra at 455. The efficacy of respondent's procedure is underlined by petitioner's "explanation" of why the notice was purportedly not delivered. Petitioners contend it was intercepted by someone, not Cathy Bellis, who signed her name and made off with the notice. Even if we could accept such an explanation, which we do not, the unlikelihood of such an occurrence does not raise the spectre of Fifth Amendment due process difficulties. We hold that the notice requirement of the due process clause is sufficiently met by respondent mailing deficiency notices by ordinary certified mail. We are convinced respondent mailed the notice of deficiency to petitioners' last known address, and that is all that is statutorily and constitutionally required. To reflect the foregoing, An appropriate order will be issued granting respondent's motion to dismiss for lack of jurisdiction.