T.C. Memo. 2011-86

UNITED STATES TAX COURT

MOHAMMAD N. KHALAF AND RANIA SUFEE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7214-10.                    Filed April 18, 2011.

Mohammad N. Khalaf, pro se.

<u>Wanda Cohen</u>, for respondent.

MEMORANDUM OPINION

CARLUZZO, <u>Special Trial Judge</u>:  In a notice of deficiency
issued and sent by certified mail to petitioners on October 29,
2009 (the notice), respondent determined deficiencies in, and
accuracy-related penalties with respect to, their 2004 and
2005 Federal income taxes.  The petition, filed March 26, 2010
(148 days after the mailing of the notice), challenges the

determinations made in the notice.  See sec. 6213(a).[1]  At the
time the petition was filed, petitioners resided in Texas at an
address other than the address to which the notice was mailed.

The case is before the Court on respondent's Motion To
Dismiss for Lack of Jurisdiction, filed May 21, 2010.
Respondent's motion is based upon the ground that the petition
was not filed within the period prescribed by section 6213(a).
As relevant here, that period ended on January 27, 2010, the date
90 days from the date the notice was mailed.

Petitioners object to respondent's motion; according to
petitioners, the notice was not valid because it was not mailed
to their last known address.  See sec. 6212.  An evidentiary
hearing was conducted on respondent's motion in Houston, Texas,
on November 18, 2010.

## Background

Petitioners moved several times shortly before and shortly
after the notice was issued.  The notice is addressed to
petitioners at 22531 Vista Valley Drive, Katy, TX 77450 (the
Vista Valley address) but at the time the notice was mailed,
petitioners no longer resided at that address.  At some point in
late September or early October 2009 petitioners moved from the

---

[1]Unless otherwise indicated, section references are to the
Internal Revenue Code of 1986, as amended and in effect for the
relevant period.  Rule references are to the Tax Court Rules of
Practice and Procedure.

Vista Valley address to 25235 Bluma Ranch Drive, Katy, TX 77494 (the Bluma Ranch address).  While residing at the Bluma Ranch address, in late November or early December 2009 petitioners received the notice, which was forwarded to them by the U.S. Postal Service.

## Discussion

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress.  Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  This Court's jurisdiction to redetermine a deficiency pursuant to section 6213(a) depends on the issuance of a valid notice of deficiency and a timely filed petition.  Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988).

For purposes of section 6213(a), a notice of deficiency is sufficient if it is mailed to the taxpayer's last known address by certified or registered mail, sec. 6212(a) and (b), and if it is so mailed, it matters not whether the taxpayer actually receives it, Tadros v. Commissioner, 763 F.2d 89, 91 (2d Cir. 1985); Frieling v. Commissioner, 81 T.C. 42, 48, 52 (1983).

Subject to exceptions not relevant here, a petition for the redetermination of a deficiency must be filed with the Tax Court within 90 days from the date a notice of deficiency is mailed to a taxpayer.  Sec. 6213(a).  If a petition is not timely filed,

this Court has no jurisdiction to redetermine the deficiency. Cataldo v. Commissioner, 60 T.C. 522 (1973), affd. per curiam 499 F.2d 550 (2d Cir. 1974).

It is obvious that the petition was not filed within 90 days from the date the notice was issued, and petitioners do not suggest otherwise. Instead, they argue that the notice is not valid because it was not sent to their last known address. Petitioners acknowledge that before late September 2009 the Vista Valley address would have been considered their last known address for purposes of section 6212 but contend that when they moved from that address to the Bluma Ranch address they appropriately notified respondent of the event on a Form 8822, Change of Address. Respondent agrees that the use of a Form 8822 is one of the proper ways to establish a taxpayer's last known address, see Abeles v. Commissioner, 91 T.C. 1019, 1031 (1988), but according to respondent, no such document was received before, or for that matter after, the notice was issued.[2]

All things considered, we need not resolve the dispute between the parties as to petitioners' last known address as of the date the notice was issued. Petitioners readily acknowledge that they received the notice not later than early December 2009.

_____

[2]Respondent's records show that petitioners' Bluma Ranch address was shown on a Form 4868, Application for Automatic Extension of Time To File U.S. Individual Income Tax Return, received about 6 months after the notice was issued.

That being so, given the nature of the adjustments made in the notice,[3] they had more than sufficient time (more than 30 days) to file the petition challenging them.  That being so, the notice, even if improperly addressed, is not considered invalid for purposes of our jurisdiction.  See Delman v. Commissioner, 384 F.2d 929, 934 (3d Cir. 1967), affg. T.C. Memo. 1966-59; Mulvania v. Commissioner, 81 T.C. 65, 68-69 (1983).

Because the petition was not filed within the period prescribed by section 6213(a), respondent's motion will be granted and the case will be dismissed for lack of jurisdiction upon that ground.

To reflect the foregoing,

> An appropriate order
> dismissing this case for
> lack of jurisdiction will be
> entered.

---

[3]For the most part, the adjustments relate to deductions disallowed for lack of substantiation.  In three short sentences in par. 5 of the petition (Form 2, app. I, Tax Court Rules of Practice and Procedure), petitioners challenge those disallowances.  Par. 6 of the petition simply reads:  "Each expense reported had documents to prove it but the IRS did not accept the documents to prove it."