APPEAL OF CLOIS L. GREENE.

Docket No. 2463.   Submitted May 6, 1925.   Decided June 24, 1925.

1. A determination of deficiency in income tax subsequent to June 2, 1924, must be made in accordance with section 274 (a) or (d) of the Revenue Act of 1924, and an appeal to this Board must be taken in accordance with the provisions of section 274 (a) or section 279.

2. An appeal will not lie under section 279 unless a claim for abatement, accompanied by a bond, has been filed and the claim for abatement has been acted upon.

*Edward C. Lake, Esq.*, for the Commissioner.

Before IVINS, MORRIS, and LOVE.

This appeal was submitted on the Commissioner's motion to dismiss, upon the ground that the appeal was from an assessment made under section 274 (d) of the Revenue Act of 1924, against which the taxpayer had not filed a claim for abatement, accompanied by a bond, as required by section 279 (a) of that act.

IVINS: The taxpayer's petition shows that no deficiency letter was ever sent to him, so far as he was able to ascertain, but that on January 10, 1925, the collector of internal revenue at Dallas sent nim a notice and demand (Form 7658) for payment of a balance of additional income tax for 1919 of $178,446.76. The petition further shows that the taxpayer filed with the collector a claim for abatement of such tax, but did not support the same with a bond, because of financial inability to procure such a bond.

The taxpayer then filed this appeal.

The Commissioner moved to dismiss the appeal upon the ground that the deficiency in tax referred to in the petition was assessed under section 274 (d) of the Revenue Act of 1924 and that the taxpayer can only appeal to this Board after filing a claim for abatement *accompanied by a bond* and awaiting action by the Commissioner on the claim for abatement.

The taxpayer opposes this motion, insisting that the assessment was not made in compliance with the provisions of section 274 (d), in that the Commissioner could not have believed that the assessment or collection of the deficiency would be jeopardized by delay. He urges that the assessment was arbitrary and illegal, that unless this Board takes jurisdiction of his appeal he will have no means of testing its validity, and that, therefore, Congress must have intended to allow him an appeal to this Board.

The fact that no deficiency letter was sent to the taxpayer does not prove that the tax was not assessed under subdivision (d) of

section 274. That subdivision does not require, as does subdivision (a), that a notice of determination be sent to the taxpayer. When the Commissioner does notify a taxpayer that he is making a jeopardy assessment, it is an act of courtesy on his part, not required by the statute. The only notice of such an assessment required by the statute is the notice and demand of the collector, after which the taxpayer has ten days within which to comply with section 279 if he wishes to appeal to this Board.

We can not go into the question of whether the Commissioner believed that delay would jeopardize the assessment or collection of the tax. It may be that he did not have any sound basis for such belief. But the fact is that he has assessed the tax, and that he did not assess it under section 274 (a). If the taxpayer is to be allowed an appeal under section 274 (a) he must predicate it upon a notice of determination, and until such notice is sent an appeal is premature. If he is to be allowed an appeal under section 279 it can only be after he has filed a claim for abatement *with a bond* and· after the Commissioner has acted on such claim.

But the taxpayer contends that the assessment was made without compliance with either subdivision (a) or (d) of section 274. If this be true it is an illegal assessment. Has this Board jurisdiction of an appeal from such an act? It is a tribunal of limited jurisdiction, and its powers are strictly confined to those affirmatively vested in it by the act under which it was created. And there is certainly nothing in the Revenue Act of 1924 vesting it with jurisdiction to entertain such an appeal; its power over income-tax deficiencies is restricted to the hearing of appeals from determinations made under section 274 (a) and from the Commissioner's action on claims for abatement under section 279. Here the taxpayer is attempting to appeal either from the action of the collector in seeking to collect an assessment, or from what he claims to be an absolutely illegal act on the part of the Commissioner. The fact that his remedies at law or in equity against such illegal act seem to him inadequate does not vest jurisdiction in this Board to hear an appeal any more than it vests such jurisdiction in the Secretary of the Treasury or the President. We are constrained to leave him to such remedies against the collector or the Commissioner, in their official or individual capacities, as the law provides.

The Commissioner's motion is granted and the appeal is dismissed.