## GLASSELL v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5820.

Circuit Court of Appeals, Fifth Circuit.
July 28, 1930.

Edwin T. Merrick, Ralph J. Schwarz, and Morris B. Redmann, all of New Orleans, La., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., J. Louis Monarch and Morton K. Rothschild, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Joe S. Franklin, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN and FOSTER, Circuit Judges, and GRUBB, District Judge.

FOSTER, Circuit Judge.

The Commissioner of Internal Revenue determined a deficiency of income and profits taxes of $2,156.56 for the taxable years of 1920 and 1921 and assessed petitioner accordingly. On appeal to the Board of Tax Appeals the Commissioner was affirmed, the Board holding that the petitioner had failed to sustain the burden of showing that the assessment was erroneous.

We need not review the evidence in full. It appears that in making his returns petitioner had charged off $30,974.29 as expenses and losses incurred in his farming operations and had reported only the cash received in the sale of certain oil leases, whereas he had also received notes as part of the price. The Commissioner disallowed certain items of expense and held that the notes should be returned as income at their face value.

The principal contention of petitioner is that the assessment of the deficiency was illegal and unauthorized for the reason that it was based upon a second inspection of the taxpayer's books of accounts without a request from him and without a notice in writing by the Commissioner that an additional inspection was necessary. Petitioner relies upon section 1309 of the Revenue Act of 1921 (42 Stat. 310) and similar provisions in subsequent statutes. Section 1309 provides as follows:

"No taxpayer shall be subjected to. unnecessary examinations or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Commissioner, after investigation, notifies the taxpayer in writing that an additional inspection is necessary."

This question was not raised before the Board of Tax Appeals and it is not shown that any objection was made to the second examination.

Conceding that section 1309 is intended to protect the taxpayer against unnecessary vexation, it is elementary that he could waive it. The Commissioner had authority to make an additional assessment based on any information he might have in hand. U. S. v. Haar (C. C. A.) 27 F.(2d) 250. Furthermore, as this question was not raised before the Board of Tax Appeals, we do not feel called upon to consider it. We agree with the Board that petitioner has failed to sustain the burden of showing the assessment to be erroneous.

The record presents no reversible error. The petition is denied.