Anthony J. Cincotta and Terese M. Cincotta v. Commissioner.
Cincotta v. Commissioner
Docket No. 74223.
United States Tax Court
T.C. Memo 1960-45; 1960 Tax Ct. Memo LEXIS 243; 19 T.C.M. (CCH) 222; T.C.M. (RIA) 60045; March 22, 1960
*243 Held, Tax Court lacks jurisdiction to go behind respondent's determination of income tax deficiency. Decision for respondent in the amount of deficiency stipulated. William P. Christy, Jr., Esq., Syracuse-Kemper Building, Syracuse, N. Y., for the petitioners. John J. Madden, Esq., for the respondent. BRUCE Memorandum Opinion BRUCE, Judge: The respondent determined a deficiency in income *244 tax of the petitioners for the taxable year 1954 in the amount of $12,993.38. The petitioners filed their petition in this Court alleging as follows: (a) The respondent erred in that he failed to determine a tax deficiency within the meaning and intent of sections 6211 and 6212 of the Internal Revenue Code of 1954; (b) The respondent erred in failing to determine that the assessment and collection of income tax for the year 1954 is barred by the statute of limitations; (c) The respondent erred in disallowing all the business and nonbusiness deductions of the petitioners in the amount of $30,713.45 for the year 1954; and (d) The respondent erred in computing the alleged deficiency for the year 1954 by failing to credit petitioners with the correct amount of net income reported in their 1954 tax return. The respondent answered, specifically denying these allegations. On March 20, 1959, the petitioners filed a motion to dismiss the petition on ground of lack of jurisdiction, alleging in support thereof that the statutory notice of deficiency was not based upon a determination of a deficiency, which is a prerequisite for the issuance of said notice of deficiency, *245 within the meaning and intent of section 6212 of the Internal Revenue Code of 1954, and further, that the notice of deficiency was issued for the sole purpose of extending the period within which additional taxes could be assessed against the petitioners. On April 1, 1959, the respondent, with leave of Court, filed an amendment to his answer alleging that petitioners received additional income in the amount of $1,280.86 in the taxable year 1954 which they did not disclose in their return for that year. These allegations were not denied by petitioners and are therefore deemed to be admitted. Rule 18, Rules of Practice, Tax Court of the United States. At the call of the case for trial on the merits and hearing on the motion to dismiss on April 13, 1959, the parties filed a written stipulation in which it was agreed that "there is a deficiency in income tax due from petitioners for the taxable year 1954 in the amount of $1,695.36." It was further agreed that: "Said stipulation is without prejudice to the petitioners' right which is hereby expressly reserved, to maintain that respondent's notice of deficiency was improperly issued as alleged in petitioners' *246 motion to dismiss the petition which was filed with the Court on March 20, 1959, and which motion is set for hearing in Buffalo, New York, on April 13, 1959. In the event that the Court should deny said motion of petitioners then the Court may enter its decision in accordance with the said stipulation of deficiency." The case was thereupon taken under submission by the Court on the motion and stipulation with leave to the parties to file briefs. The single issue for decision is whether petitioners' motion to dismiss is well taken. The stipulation of the parties set forth above is adopted as findings. The petitioners presented no evidence at the hearing. The following facts were alleged by petitioners and admitted by respondent in the pleadings. The petitioners are individuals residing at West River Road, Fulton, New York. The return for the year here involved was timely filed with the district director of internal revenue for the twenty-first district of New York at Syracuse, New York. On February 26, 1958, the respondent sent petitioners a letter requesting them to execute Form 872 enclosed therewith extending the statute of limitations as to the taxable year involved. This *247 request was refused by petitioners. The notice of deficiency was mailed to petitioners on April 4, 1958. The deficiency determined therein resulted from the disallowance by respondent of all of the petitioners' business and nonbusiness deductions in the amount of $30,713.45. The petitioners contend that this Court lacks jurisdiction because the statutory notice was not issued in conformity with the statute and therefore is invalid. Section 6212(a) of the Internal Revenue Code of 1954, on which petitioners rely, reads as follows: "If the Secretary or his delegate determines that there is a deficiency in respect of any tax imposed by subtitles A or B, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail." The quoted statute requires that the respondent determine that a deficiency exists prior to the sending of a notice of deficiency. The filing of a petition with this Court within 90 or 150 days, as the case may be, after the mailing of the notice of deficiency, confers jurisdiction upon this Court to consider and determine the correctness of respondent's determination. Sections 6213(a) and 6214(a), Internal Revenue Code *248 of 1954. An examination of the notice of deficiency attached to the petition herein reveals that the respondent did indeed determine that there was a deficiency in respect to a tax imposed by subtitle A in the case of petitioners. He thereupon mailed to petitioners the notice of deficiency. The petitioners filed their petition in this Court within the prescribed time. These events having occured, we have jurisdiction to consider and determine the correctness of such determination. Petitioners would have us go behind the respondent's determination and inquire into what prompted him to determine the deficiency. This we may not do. In the case of Charles Crowther, 28 T.C. 1293, affirmed as to this point, 269 F.2d 292 (C.A. 9, 1959), we said: "In their petitions the petitioners have assigned certain errors and made certain allegations of fact, all of which the respondent has denied in his answer, and on brief have advanced certain contentions challenging the propriety of the administrative policy and procedures employed by respondent prior to his determination of the deficiencies here involved and challenging the propriety of his motives in making such determinations. *249 We have jurisdiction to consider and determine, and have considered and determined in the light of the evidence of record, the correctness of the respondent's determinations of the deficiencies here involved. But we are without jurisdiction to consider and determine the propriety of the respondent's motives in making such determinations, H. F. Kerr, 5 B.T.A. 1073, or the propriety of the administrative policy and procedures he employed prior to making such determinations, Clois L. Greene, 2 B.T.A. 148; Southern California Loan Association, 4 B.T.A. 223; Levine Brothers Co., Inc., 5 B.T.A. 689." We consider this case, and the cases cited therein, dispositive of the issue presented and the motion is denied. The respondent mailed to petitioners a notice of deficiency within three years of the time of filing of the return for the taxable year 1954 and, accordingly, the case is not barred by limitations. Pursuant to the stipulation, we determine that there is a deficiency in income tax due from the petitioners for the taxable year 1954 in the amount of $1,695.36. Decision will be entered for the respondent in the amount of $1,695.36. *250