PHILIP F. FLYNN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

PHILIP F. FLYNN AND LORAYNE FLYNN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 4836–62, 4837–62. Filed July 31, 1963.

*Joseph M. Solon*, for the petitioners.
*Arthur N. Nasser*, for the respondent.

BRUCE, *Judge:* These proceedings are presently before the Court on motions filed March 7, 1963, by petitioner Philip F. Flynn in Docket No. 4836–62, and by petitioners Philip F. Flynn and Lorayne Flynn in Docket No. 4837–62, to declare the statutory notice of deficiency issued by respondent in each case to be "* * * Deficient and in Contravention of Law and to Dismiss the Proceedings." These motions were heard by the Court at a calendar held in Chicago, Ill., on April 15, 1963, and taken under submission with leave to the parties to submit briefs. The pertinent facts as disclosed by the pleadings, transcript, and submissions of the parties are basically not in dispute.

### FINDINGS OF FACT

Philip F. Flynn and Lorayne Flynn are husband and wife residing in Naperville, Ill. Individual income tax returns were timely filed by Philip F. Flynn for the years 1946 and 1947, and joint income tax returns were filed by Philip F. Flynn and Lorayne Flynn for the years 1948 and 1949, with the collector of internal revenue for the northern district of Illinois (or the district director of internal revenue, Chicago, Ill.).

On March 21, 1961, petitioner Philip F. Flynn received a 30-day letter from the district director of internal revenue, Chicago, Ill., enclosing a revenue agent's report dated January 27, 1961, which

proposed deficiencies in income tax in the amounts of $15,333.40 and $14,629.30, respectively, together with additions to tax under sections 293(b) and 294(d) of the Internal Revenue Code of 1939, for the taxable years 1946 and 1947.

On March 21, 1961, a similar 30-day letter and report was received by petitioners Philip F. Flynn and Lorayne Flynn which proposed deficiencies in income tax in the amounts of $69,868.22 and $44,277.40, respectively, together with additions to tax under sections 293(b) and 294(d), for the taxable years 1948 and 1949.

Written protests were filed by petitioners protesting the proposed deficiencies and additions to tax set forth in the 30-day letters and reports, and on June 8 and July 6, 1961, conferences were held between petitioners' representative and a member of the appellate division of the office of the district director of internal revenue at Chicago, Ill., with respect to such written protests. No agreement was reached as a result of said conferences.

Statutory notices of deficiency were mailed to Philip F. Flynn and to Philip F. Flynn and Lorayne Flynn, respectively, on September 28, 1962, wherein respondent determined deficiencies in income tax and additions to tax as follows:

*Docket No. 4836-62—Philip F. Flynn*

| Year | Deficiency | Additions to tax, I.R.C. 1939 | |
| --- | --- | --- | --- |
| | | Sec. 293(b) | Sec. 294(d)(1)(A) |
| 1946 | $63,378.12 | $31,689.06 | $5,934.72 |
| 1947 | 116,766.75 | 58,383.38 | 11,255.91 |

*Docket No. 4837-62—Philip F. Flynn and Lorayne Flynn*

| Year | Deficiency | Additions to tax, I.R.C. 1939 | |
| --- | --- | --- | --- |
| | | Sec. 293(b) | Sec. 294(d)(2) |
| 1948 | $102,188.98 | $51,094.49 | $6,338.39 |
| 1949 | 24,473.77 | 12,236.89 | 1,702.51 |

The deficiencies in income tax and additions thereto determined by respondent in the statutory notices of deficiency, covering the years 1946, 1947, and 1948, were in greater amounts than the proposed deficiencies and additions to tax contained in the agent's report attached to the 30-day letters; those for the year 1949 were in lesser amounts.

On December 20, 1962, Philip F. Flynn (Docket No. 4836-62) and Philip F. Flynn and Lorayne Flynn (Docket No. 4837-62), respectively, filed petitions with this Court seeking a redetermination of the deficiencies in income tax and additions to tax as determined by re-

spondent in the statutory notices of deficiency dated September 28, 1962.

In addition to contesting the correctness of respondent's determinations respecting the amounts of unreported income received by petitioners for each of the years involved, petitioners pleaded the statute of limitations as to each of said years, and also alleged that the examinations and investigations (in 1959 and 1960) of petitioners' returns for each of the years involved were in violation of section 7605 (b) of the Internal Revenue Code of 1954.

Respondent, in his answers, denied the material allegations contained in the petitions and further alleged that the returns filed by petitioners for each of the years involved were false or fraudulent with intent to evade tax and accordingly, as provided by section 276(a) of the Internal Revenue Code of 1939 (section 6501(c)(1) of the Internal Revenue Code of 1954), that the assessment and collection of the deficiencies and additions to tax are not barred by limitation.

## OPINION

The question presented is essentially one of jurisdiction. Petitioners contend that the action of the Commissioner in issuing the statutory notices was wrongful, illegal, and unlawful because the deficiencies in tax and additions to tax as set forth in the statutory notices were substantially greater or lesser in amount than the proposed deficiencies and additions to tax contained in the revenue agent's reports attached to the 30-day letters, that petitioners were not advised or notified of such amounts prior to the mailing of the statutory notice and accordingly were deprived of the review procedures provided in the Statement of Procedural Rules, 26 C.F.R., part 601, and in particular by section 601.105(d) thereof.

Section 6212(a) of the Internal Revenue Code of 1954 provides that:

(a) IN GENERAL.—If the Secretary or his delegate determines that there is a deficiency in respect of any tax imposed by subtitles A or B, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.

The filing of a petition with this Court within 90 or 150 days, as the case may be, after the mailing of the notice of deficiency, confers jurisdiction upon this Court to consider and determine the correctness of respondent's determination. Secs. 6213(a) and 6214(a), I.R.C. 1954.

In the case at bar, respondent determined that there were deficiencies in respect to tax imposed by subtitle A in the case of petitioners for each of the years in question. He therefore mailed to petitioners notices of deficiency and petitioners filed their petitions in this Court within the prescribed time. These events having occurred, we have jurisdiction to determine the correctness of such determinations.

Petitioners would have us go behind respondent's determinations

and inquire into respondent's motives and the propriety of the administrative policy and procedures employed by him prior to making his determinations. This we may not do as has been held by this and other Courts in prior cases.

In the case of *Charles Crowther*, 28 T.C. 1293, affirmed as to this point 269 F. 2d 292 (C.A. 9, 1959), the petitioners complained that the Commissioner acted in an arbitrary manner in finding the deficiencies involved, in failing to furnish petitioners with a 30-day letter, and in failing to make a proper investigation before sending out the 90-day deficiency notices. We held (p. 1301):

We have jurisdiction to consider and determine, * * * the correctness of the respondent's determinations of the deficiencies here involved. But we are without jurisdiction to consider and determine the propriety of the respondent's motives in making such determinations, *H. F. Kerr*, 5 B.T.A. 1073 [affd. 66 F. 2d 419 (C.A. 2, 1933)], or the propriety of the administrative policy and procedures he employed prior to making such determinations, *Clois L. Greene*, 2 B.T.A. 148; *Southern California Loan Association*, 4 B.T.A. 223; *Levine Brothers Co., Inc.*, 5 B.T.A. 689.

In *Luhring* v. *Glotzbach*, 304 F. 2d 560 (C.A. 4, 1962), the taxpayers complained that the agents of the district director of internal revenue ignored and violated the procedural rules set out in section 601.105 of the Statement of Procedural Rules (26 C.F.R., part 601), and in particular subsection (b) (1), (3), and (4), and subsections (c) and (d) of section 601.105. Taxpayers contended in effect that the rules have the force and effect of law and are mandatory in their operation and unless they are observed no valid assessment and collection of taxes can be made. The court stated:

In our view the procedural rules do not have this weight; and compliance with them is not essential to the validity of a notice of deficiency.

Reviewing the promulgation of such rules, the court further stated:

We think, however, that the rules are directory and not mandatory in legal effect, and they do not curtail the power conferred upon the Secretary of the Treasury or his delegate by § 6212, I.R.C. to send a notice of deficiency if he determines that there is a deficiency in the tax shown on the taxpayer's return.

These cases are dispositive of the issue here presented. Accordingly the motion to dismiss is denied.

On oral argument and brief, petitioners argue that the examination and investigation of their returns for the years involved in 1959 and 1960 was a reexamination or reinvestigation in violation of section 7605(b) of the Internal Revenue Code of 1954.[1] This was not stated

---

[1] SEC. 7605. TIME AND PLACE OF EXAMINATION.

(b) RESTRICTIONS ON EXAMINATION OF TAXPAYER.—No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary or his delegate, after investigation, notifies the taxpayer in writing that an additional inspection is necessary.

as a ground for dismissal in the motions to dismiss but had been asserted as error in the petitions. Respondent denied the alleged error as well as the allegations of fact relating to it, in his answer. No evidence was submitted relating to this point. We find no merit in this contention of the petitioners.

Whether or not petitioners' returns had previously been examined and investigated is immaterial in view of the transactions that occurred. Petitioners were furnished 30-day letters in March 1961. Protests were filed and conferences were held relating to the proposed deficiencies. Assuming their returns had previously been examined and investigated, petitioners thereby waived the requirements of the statute. It has long been established by this Court and others that failure of the Commissioner to comply with the provisions of section 7605(b), or its predecessor, section 3631 of the 1939 Code, relating to written notice prior to a reexamination of a taxpayer's books and records does not invalidate a deficiency determined from information derived from such an examination, and also that failure to make timely objection to such reexamination may be taken as a waiver of the protection afforded by the statute. *Leslie A. Sutor*, 17 T.C. 64; *J. S. McDonnell*, 6 B.T.A. 685; *Philip Mangone Co., Inc.* v. *United States*, 54 F. 2d 168 (Ct. Cl.) ; *Glassell* v. *Commissioner*, 42 F. 2d 653; *Blevins* v. *Commissioner*, 238 F. 2d 621 (C.A. 6), affirming per curiam a Memorandum Opinion of this Court.

> *Orders will be entered denying petitioners' motions to dismiss.*