BARBARA E. McBRIDE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McBride v. Commissioner
Docket No. 40874-84.
United States Tax Court
T.C. Memo 1987-94; 1987 Tax Ct. Memo LEXIS 90; 53 T.C.M. (CCH) 158; T.C.M. (RIA) 87094; February 17, 1987. Daniel *93 H. Link, for the petitioner. Jill A. Frisch, for the respondent. GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case was assigned pursuant to the provisions of section 7456(d) (redesignated as section 7443A(b) by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rules 180, 181 and 182. [1]
Respondent determined deficiencies in petitioner's Federal income taxes for 1981 and 1982 in the respective amounts of $2,006 and $1,865.60 and an addition to tax under section 6651(a) for the year 1981 in the amount of $23.33 for failure to file a timely return for the taxable year 1981. Respondent has also determined an increase in the deficiency for 1981 in the amount of $199 and an increase in the addition to tax under section 6651(a) for 1981 in the amount of $9.95. Concessions made by the parties will be given effect in the Rule 155 computation. The remaining issues are (1) whether petitioner is entitled to employee business expenses *94 deductions under section 162(a) in 1981 and 1982 in the respective amounts of $2,854 and $2,729; (2) whether petitioner must include certain rental income in her taxable income for 1981 the amount of $675; (3) whether petitioner is entitled to a deduction for rental expenses in 1981 and 1982 in excess of the amounts allowed by respondent; (4) whether petitioner is entitled to a deduction for certain miscellaneous expenses in 1981; and (5) whether petitioner is entitled to an investment tax credit in the year 1982). Some of the facts were stipulated and they are so found. For convenience the findings of fact and opinion have been combined. Petitioner was a resident of New York, New York at the time the petition herein was filed. During the period here involved, petitioner was employed by the Telecom Equipment Corporation of Long Island City, New York and her duties included consultations with customers at various places in New Jersey, Long Island, Connecticut and Westchester County. Proposals were developed and brought to prospective customers and sometimes sample instruments were brought to the customer for inspection. Petitioner used her personal automobile for customer visits *95 and on her 1981 return she claimed deductions for automobile expenses based on mileage in the amount of $1,730 and parking fees and tolls in the amount of $1,124. It appears from the stipulation that the amount of $1,124 claimed as part of her automobile expenses represents five-sevenths of petitioner's garage expenses in 1981 of $1,573.20. She also claimed a deduction on her 1982 return for unreimbursed employee business expenses of $2,729 which consists largely of costs related to the business use and maintenance (including parking fees and tolls of $1,160) of her automobile. [2] Respondent disallowed the deductions claimed by petitioner in 1981 and 1982 in full. *96 Petitioner has the burden of proof. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Petitioner's testimony with respect to the business use of her automobile was extremely vague and generally unsatisfactory. She was unable to produce any record kept by her of the business mileage in 1981 and 1982. It appears that a portion of the purported business use of the automobile routinely included her transportation from her residence to her place of work or to the business site of clients as well as her transportation returning to her residence. It is well established that such transportation costs are nondeductible commuting expenses. Commissioner v. Flowers,326 U.S. 465 (1946); Green v. Commissioner,59 T.C. 456, 459 (1972); Heuer v. Commissioner,32 T.C. 947 (1959), affd. per curiam 283 F.2d 865 (5th Cir. 1960). Petitioner also contends that she needed the automobile to transport files to the office of clients. *97 Where a commuter incurs additional expenses to transport the "tools" needed in his work such additional costs may be deductible as a business expense. Fausner v. Commissioner,413 U.S. 838, 839 (1973). However, the record here contains no persuasive evidence whatever as to any additional costs incurred and consequently an allocation of costs between personal (i.e., commuting) and business expenses is not feasible. Nor is the need to have an automobile available for use at work for professional calls in itself sufficient to convert a commuting expense into a deductible business expense. Sapp v. Commissioner,36 T.C. 852 (1961), affd. per curiam 309 F.2d 143 (5th Cir. 1962); Patti v. Commissioner,T.C. Memo. 1975-107. This same rationale applies to petitioner's deduction for garage costs in 1981 and 1982. The garage was in the vicinity of petitioner's residence. The fact that petitioner needed her automobile to make customer calls does not convert such inherently personal expenses into business expenses deductible under section 162(a). See Sapp v. Commissioner,supra.Automobile expenditures *98 attributable to business calls qualify as deductible business expenses. Petitioner testified generally that she made business calls three or four days a week to various locations mostly in the metropolitan area. Her testimony was extremely vague. She was unable to provide any records kept by her with respect to such business calls and we are left with little information as to specific locations visited, the number of such business calls or the mileage involved. Using our best judgment on the basis of this wholly unsatisfactory record we conclude that petitioner's business mileage was 4,000 miles in 1981 and 3,000 miles in 1982. [3]Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). In making this approximation we bear heavily upon petitioner whose inexactitude is of her own making. Cohan v. Commissioner, at 544. As indicated above, petitioner's business expense deductions attributable to her second vehicle *99 for the last two months of 1982 were based upon actual cost. Initially, we note that petitioner was reimbursed by her employer for automobile expenses in 1982 in the amount of $710. We have reviewed the record and, upon application of the rule in Cohan v. Commissioner,supra, we conclude that petitioner's business use of the second car was 50 percent and consequently the depreciation deduction in 1982 will be computed on that basis. [4] We also conclude on this record that petitioner may deduct as a business expense 50 percent of the cost ($295) of a vehicle protection plan payment in 1982. With respect to the investment tax credit for the second vehicle acquired in 1982, we must accept on this record the respondent's determination that the vehicle constituted 3-year recovery property for purposes of computing the allowable credit. Section 46(c)(7). Moreover, the parties agree that the Court's finding with respect to the business use of the second automobile in 1982 controls the computation of the investment tax credit claimed for such automobile. Our conclusion therefore that the business use of this vehicle was 50 percent is dispositive of this issue. In *100 all other respects the determination of the respondent with respect to the automobile expenses must on the basis of this record be sustained. Respondent disallowed a deduction of $200 claimed by petitioner in 1981 for meals. There is no indication that petitioner was away from home overnight within the meaning of section 162(a)(2). See United States v. Correll,389 U.S. 299 (1967). Nor has petitioner met her burden of establishing that such meals qualified as business meals under the provisions of section 274(e)(1). See section 1.274-2(f)(2), Income Tax Regs. In any event, business meals are subject to the substantiation requirements of section 274(d). See section 1.274-2(f)(1), Income Tax Regs. Petitioner has not met such requirements. In short, there is no persuasive evidence in the record to show that such meal expenses were other than nondeductible personal expenses under section 262. We conclude that *101 petitioner has failed to meet her burden of proof on this issue. Respondent is sustained. Petitioner claimed various rental expense deductions in 1981 and 1982 which were partially disallowed by respondent. Petitioner owns a rental property in Monticello, New York. In 1981 she reported rental income of $250 from the property, while the total expenses were $2,240, resulting in a loss of $1,990 which respondent has disallowed. In 1982 petitioner again reported rental income of $250 and total expenses of $1,554, resulting in a loss of $1,304 which respondent disallowed. Respondent has conceded that petitioner is entitled to deductions for some of the rental expenses claimed in 1981 and 1982. The following items remain in dispute for 1981: advertising, $22; auto and travel, $160; legal fees, $200; repairs, $300; office expense and telephone, $220; and depreciation, $333. The items remaining in dispute for 1982 are as follows: advertising, $128; auto and travel, $160; legal fees, $200; repairs, $252; office expenses and telephone, $220; and depreciation, $333. Petitioner has the burden *102 of proof with respect to the disallowed items. Welch v. Helvering,supra. Respondent disallowed deductions claimed by petitioner in 1981 and 1982 for advertising in the respective amounts of $22 and $128. The evidence shows that petitioner incurred expenditures of $7 for advertising in 1981. We conclude that petitioner is entitled to a deduction for this amount. The balance of the disputed amount represents a newspaper subscription cost in 1981 which we conclude is a nondeductible personal expense under section 262. With respect to 1982 it appears that petitioner paid $117.19 which covered both advertising and subscription costs. Unfortunately, petitioner made no effort to apportion the amount paid. Using our best judgment on the basis of this record, we conclude that petitioner is entitled to a deduction for advertising in 1982 in the amount of $90. Cohan v. Commissioner,supra.We also conclude that the balance of the amount claimed in 1982 represents a nondeductible personal expense within the meaning of section 262. Petitioner made trips in 1981 and 1982 to Monticello (some two hours from New York) in connection with rental *103 property matters and claimed a deduction for automobile and travel expenses of $160 in each of the years 1981 and 1982. Respondent disallowed the total amount claimed in each year. We have considered petitioner's testimony which, albeit sketchy, persuades the Court that she did in fact incur expenditures on her trips to Monticello in the amount of $160 in each of the years 1981 and 1982 and that she is entitled to deductions in that amount in each of the years involved. In 1981 petitioner made a payment of $200 to Ira Cohan who was the seller's attorney when petitioner purchased the Monticello rental property. Legal fees incurred to acquire property are capital expenditures not currently deductible. Section 1.263(a)-2(a), Income Tax Regs. On this record we must sustain the respondent's disallowance of this deduction in the amount of $200. The depreciation deductions for 1981 and 1982 for the rental property must of course be adjusted to reflect this capital expenditure. Petitioner claimed a deduction for legal fees in 1982 with respect to the rental property *104 in the amount of $300 which was disallowed by respondent. After concessions only the balance of $150 remains in dispute. Petitioner failed to produce any persuasive evidence with respect to this item. See Rule 142(a). We must therefore on this record sustain the respondent. Respondent disallowed a deduction of $300 for repairs to the rental property claimed by petitioner in 1981. Petitioner's testimony with respect to such repairs was singularly vague and unpersuasive. Nonetheless, we are persuaded that she did in fact incur some repair expenditures and, using our best judgment, we conclude that she is entitled to a deduction for repairs to the rental property in 1981 in the amount of $150. See Cohan v. Commissioner,supra.Petitioner also testified that she made payments in the total amount of $80 in 1981 to Fellow's Carting Service to perform clean-up work on the property after the departure of tenants. We conclude that petitioner is entitled to deduct this additional rental property expenditure in the amount of $80. With respect to 1982, petitioner claimed a deduction for repairs in the amount of $252 which was disallowed by respondent. Petitioner *105 has established that she incurred expenses of $52 for carting services and general yard work. The testimony with respect to the remaining expenditures incurred is extremely general in nature with no attempt to associate costs with the particular category of work performed. Using our best judgment on the basis of this unsatisfactory record we conclude that petitioner is entitled to an additional deduction for repairs in 1982 in the amount of $100, or a total deduction in 1982 for repairs to the rental property in the amount of $152. Respondent disallowed a deduction of $220 claimed by petitioner in each of the years 1981 and 1982 for office expense and telephone. It appears that the amount claimed was simply an estimate of the cost of postage and telephone calls in connection with the rental property. Petitioner's testimony on this issue was extremely vague and lacking in specific detail. Using our best judgment on the basis of this record we conclude that petitioner is entitled to a deduction of $75 for telephone and office expense in each of the years 1981 and 1982. See Cohan v. Commissioner,supra.
Respondent disallowed a depreciation deduction claimed *106 by petitioner in each of the years 1981 and 1982 for the rental property in the amount of $333. The basis for the computation of the depreciation allowance under the statute is the adjusted basis of the property. See sections 167(g) and 1011. Respondent argues that petitioner has failed to establish the basis of the property for purposes of depreciation. We do not agree. Petitioner testified that she paid $6,000 for the rental property in Monticello. The evidence shows that this amount was withdrawn from petitioner's bank account shortly before the purchase of the property. Moreover, it appears that petitioner properly allocated the purchase price of the property between the depreciable and non-depreciable portions. See section 1.167(a)-5, Income Tax Regs. We accept the apportionment as correct. We conclude therefore that petitioner is entitled to the depreciation deduction for the rental property in the amount of $333 in each of the years 1981 and 1982. Petitioner claimed $250 in 1981 as a miscellaneous expense deduction described as "tax advice and *107 planning." Respondent disallowed the deduction in full. It appears from the record that petitioner consulted with one William Kain in 1981 concerning matters relating to her divorce. In view of petitioner's sketchy and unpersuasive testimony we are unable to conclude that any portion of these payments to Mr. Kain were for tax advice within the meaning of section 212. Nor does the record show that these expenditures were incurred for production of income or for the conservation of property held for the production of income. See sections 212(1) and (2). It appears fairly obvious that the payments to Mr. Kain were attributable to her divorce proceedings. There is no indication in the record to show that the legal fees involved income-producing items in connection with such proceedings. Legal fees and costs involving matters stemming from the marital relationship in divorce proceedings are generally not deductible. Section 1.262-1(b)(7), Income Tax Regs.; see also Neill v. Commissioner,42 T.C. 793 (1964). We conclude on this record that petitioner *108 is not entitled to a deduction for the legal fee paid by her in 1981. Respondent disallowed a deduction claimed by petitioner in 1981 for safe deposit rental in the amount of $70. Petitioner testified that she rented two safe deposit boxes in 1981 in which she kept miscellaneous materials including wills, insurance policies, legal papers, passbooks and some $7,000 worth of jewels. The cost of rental of a safe deposit box for the storage of jewelry and other personal effects is not allowable as a deduction under section 212. Section 1.212-1(f), Income Tax Regs. We are persuaded that some portions of the miscellaneous materials left in the safe deposit boxes was related to petitioner's income-producing activities and, using our best judgment, we conclude that petitioner is entitled to a deduction of $35 with respect to this item. Cohan v. Commissioner,supra.
Petitioner claimed a miscellaneous deduction of $480 in 1981 for nonreimbursed employee expenses which was disallowed by respondent. Petitioner has the burden of proof. Petitioner's *109 testimony was extremely general in nature. It appears that the expenditure in question involved luncheons some three or four times a week with fellow employees and that projects were purportedly discussed. The expenses incurred for such meals under the circumstances here described do not constitute deductible expenses under the statute but are simply nondeductible personal expenditures under section 262. Moss v. Commissioner,80 T.C. 1073 (1983), affd. 758 F.2d 211 (7th Cir. 1985). On this record, therefore, we must sustain the respondent. Petitioner rented her rental property in 1981 to one Harold Tripp under a lease agreement for a three-year term ending April 30, 1984 with a designated monthly rental of $225. Under the terms of the lease agreement the tenant was permitted to substitute for the rental payments materials purchased for and actually installed in the rental premises and he was entitled to a rental abatement up to $225 per month for the first few months under the lease. Petitioner testified that in 1981 she credited the tenant with several ("two to three") months rent under the lease agreement. In fact, the record shows that apart *110 from the security deposit the tenant made no rental payments to petitioner in 1981. Respondent contends that petitioner realized additional rental income of $675 (three months rent) in 1981 as a result of the work done to the premises by the tenant under the rent abatement arrangement. We must agree. The record indicates that improvements of a capital nature were made to the property by the lessee in 1981. [5]Where, as here, improvements are a substitute for rent, such improvements constitute rental income to the lessor. Section 1.61-8(c), Income Tax Regs. We therefore conclude on the basis of this record that the amount of $675 constitutes taxable rental income in the year 1981. Respondent is sustained. [6]
*111 Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In or about November 1982 petitioner purchased another automobile and with respect to such automobile she claimed actual expenses incurred. Prior to that, her automobile expenses for 1981 and 1982 are based on mileage. Petitioner computed the deduction of $2,729 for 1982 as follows: Mileage (old car)
$1,550 Parking fees and tolls
1,160 Unreimbursed expenses for
meals and lodging while
away from main place of
work
200 Depreciation (new car)
529 Less employer's payments
for expenses
(710)
TOTAL
$2,729 The amount of $1,160 in the above schedule appears to represent approximately five-sevenths of petitioner's garage costs of $1,575 in 1982 and some minor expenditure for tolls.↩
3. It appears that petitioner used the automobile here involved for 10 months in 1982. She purchased another automobile late in 1982 and her business expenses attributable to the second automobile are based on actual costs over a two month period.↩
4. See also sections 168(b)(3)(A) and section 168(b)(3)(B)(iii) with respect to the applicable method of computation of depreciation for the second automobile under the circumstances of this case.↩
5. It should be added that the value of such improvements, which are capital in nature, must be added to the basis of the rental property rather than currently deducted. See section 263.↩
6. The authority of this Court to award court costs and certain fees to the "prevailing party" is limited to the provisions of section 7430; see Rules 230-233; see also Flynn v. Commissioner,40 T.C. 770, 773↩ (1963).