CRAIG SILKMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Silkman v. Commissioner
Docket Nos. 362-86 and 36838-86.
United States Tax Court
T.C. Memo 1988-291; 1988 Tax Ct. Memo LEXIS 319; 55 T.C.M. (CCH) 1209; T.C.M. (RIA) 88291; June 30, 1988. Craig Silkman, pro se. Mary E. (Betsy) Pierce, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: These consolidated *321 cases [1] were assigned to Special Trial Judge D. Irvin Couvillion pursuant to section 7456(d) (redesignated as section 7443A(b) by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) of the Code [2] and Rule 180 et seq. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE COUVILLION, Special Trial Judge: Respondent determined the following deficiencies and additions to petitioner's Federal income taxes: Additions to Tax
Section
Section
Section
Section
Section
Year
Deficiency
6651(a)
6653(a)(1)
6653(a)(2)
6654
6661(a)
1981
$ 3,646.00
$   883.00
$ 182.00
*
--
--
1982
$ 6,176.00
$ 1,454.00
$ 308.80
**
$ 557.38
$ 617.60
*322 At trial, respondent moved to amend his answer to increase the 1982 addition to tax under section 6661(a) from 10 percent to 25 percent of the determined deficiency for that year. [3]
The parties made numerous concessions, leaving for decision: (1) Whether petitioner is entitled to employee business expense deductions for travel, including meals, for 1981 and 1982 in excess of amounts allowed by respondent; (2) whether petitioner is entitled to a deduction for 1981 for expenses incurred in the trade or business of farming in excess of amounts allowed by respondent; (3) whether petitioner was engaged in the trade or business of farming during 1982 and, if so, whether petitioner is entitled to deductions for expenses incurred in that activity; and (4) whether petitioner is liable for additions to tax under sections 6651(a), 6653(a)(1) and (2), 6654, and 6661(a). [4]
*323 FINDINGS OF FACT AND OPINION Some of the facts have been stipulated and are so found. The stipulation of facts and annexed exhibits are incorporated herein by this reference. Petitioner resided at Reeder, North Dakota, during the years at issue and at the time he filed the petitions in these cases. For 1981, petitioner filed his Federal income tax return on March 15, 1983. For 1982, respondent contends petitioner did not file a return for that year, a claim petitioner denied. Nevertheless, with his petition, petitioner attached the copy of a 1982 return he contends he filed for 1982. For convenience, the remaining findings of fact and opinion are combined. As to all issues which we decide, respondent's determinations in the notices of deficiency are presumed correct, and petitioner bears the burden of proving otherwise. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). A. Employee Business Expenses
Petitioner was employed by Noble Drilling Corporation (Noble) as a derrick hand during 1981 and 1982. Petitioner was assigned work on oil rigs at *324 various sites in north central and northwestern North Dakota and Montana. At each site, petitioner incurred expenses for special clothing, lodging, meals, and travel to and from his home and to and from his lodging near each work site. Petitioner testified that, during 1981 and 1982, his work schedule consisted of six working days followed by two days off. On his days off, petitioner went home. Petitioner claimed employee business expenses for 1981 in the amount of $ 9,772.93 [5] consisting of meal expenses of $ 5,146.93 for 273 days of work, and travel expenses of $ 4,626 for 29,786 miles traveled between his home and places of lodging and places of lodging and drilling sites. Of these amounts, respondent disallowed $ 2,689.93 meal expenses and $ 217.34 travel expenses for lack of substantiation under section 274(d). [6]
*325 For 1982, petitioner claimed employee business expenses of $ 8,376.79 consisting of meals, $ 3,882.79, for 197 days of work, and travel expenses, $ 4,494, for 228,584 miles traveled between home and places of lodging and places of lodging and drilling sites. Respondent disallowed $ 2,109.79 for meal expenses and $ 1,231.54 for travel expenses for lack of substantiation. [7]
The issue here is one of substantiation. Section 162(a)(2) allows a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including the cost of travel, meals, *326 and lodging while away from home in pursuit of a trade or business. No deduction is allowed, however, with respect to travel expenses away from home, including meals and lodging, unless the taxpayer substantiates such expenditures by "adequate records" or by sufficient evidence corroborating his own statement. Section 274(d). To meet the adequate records requirements of section 274(d), a taxpayer "shall maintain an account book, diary, log, statement of expense, trip sheets, or similar record prepared contemporaneously with the expenditure and, for expenditures for lodging and for most other expenditures of $ 25 or more, must produce documentary evidence, which in combination, are sufficient to establish such element of an expenditure * * *." Section 1.274-5(c)(2)(i), Income Tax Regs. (Emphasis added.) The elements to be proven with respect to each traveling expense are the amount, time, place, and business purpose of the travel. Section 1.274-5(b)(2), Income Tax Regs. These limitations on the deductibility of traveling expenses supersede *327 the doctrine of Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930), where, in other circumstances, the court might allow a deduction by approximating expenses if the exact amount is not proven, where there is reasonable certainty that an expense has been incurred. Section 1.274-5(a), Income Tax Regs.
The substantiation requirements of section 274(d) are designed to encourage taxpayers to maintain records, together with documentary evidence, substantiating each element of the expense sought to be deducted. Section 1.274-5(c)(1), Income Tax Regs. Furthermore, section 274 contemplates substantiation by more than self-serving testimony. Ashby v. Commissioner,50 T.C. 409 (1968). In support of the $ 2,689.93 disallowed meal expenses for 1981, petitioner submitted two restaurant receipts and a log book. Neither of the amounts shown on the receipts correspond with petitioner's log book entries for the specific dates in question. For 1982, in support of the $ 2,109.79 disallowed meal expenses, petitioner *328 submitted 37 restaurant receipts and a log book. A review of these documents indicates that only two of the receipts even closely approximate amounts recorded in petitioner's log book for the specific dates in question. In addition, eight of the receipts were submitted for days on which petitioner was not working, and ten of the receipts bore no date. On this record, the Court is satisfied that petitioner did not meet the record-keeping requirements of section 274(d) and section 1.274-5(c)(2)(i), Income Tax Regs. Although documentary evidence for expenditures for meals of less than $ 25 is not required, the regulations mandate contemporaneous preparation of account books, diaries, or similar records. Clearly, the substantial discrepancies between the amounts reflected on petitioner's receipts, in comparison with his log books, indicates that petitioner did not substantiate the disallowed amounts. We, therefore, sustain respondent's disallowance of petitioner's claimed meal expenses in excess of the $ 9 per day allowed for meals. With respect to the $ 217.34 and $ 1,231.54 disallowed travel expenses for 1981 and 1982, respectively, and the additional *329 mileage claimed at trial for 1981, the Court agrees with respondent that petitioner also failed to comply with the substantiation requirements of section 274(d). Petitioner claims that the 1,980 miles for 1981 and 11,198 miles for 1982 disallowed by respondent represent additional mileage he incurred in driving between his home and places of lodging. Petitioner testified that his work schedule consisted of six days, after which he drove to his home for his two days off. In support of his claimed travel expenses, petitioner introduced summary sheets of the claimed mileage. Petitioner acknowledged he did not maintain an official log of the actual miles traveled between his home and place of lodging. Instead, he testified that he calculated the mileage "just once or twice, going to and from, and that was the mileage I used from the place I was lodging to home." In the alternative, petitioner relied on Frederick v. United States,457 F.Supp. 1274 (D.N.D. 1978), affd. 603 F.2d 1292 (8th Cir. 1979), arguing that the Court take judicial notice of the distance between his home and various places of lodging by reference to a map. In Frederick v. United States, supra, *330 the court found that the distance from the taxpayer's home in Belcourt, North Dakota, to the taxpayer's work site was 81 miles. Not only did the taxpayer testify to this fact, but this distance could be easily ascertained by reference to a map. In the instant case, petitioner worked at eight different drilling sites in 1981 and six different drilling sites in 1982. The record is void of any evidence indicating the location of the particular place of lodging for each particular drilling site. Petitioner merely testified that it was 90 miles from the particular place of lodging in Billings County to his home. It follows, therefore, that, without additional evidence, petitioner's argument lacks merit. Petitioner's argument that respondent's disallowance of the additional automobile mileage for 1981 and 1982 is arbitrary and inconsistent in that respondent accepted the majority of petitioner's claimed automobile mileage on the basis of his summaries is also without merit. This Court has repeatedly held that it will generally not look behind the notice of deficiency to examine the evidence *331 used or the propriety of respondent's motives or his administrative policy or procedure in making his determinations. Estate of Smith v. Commissioner,57 T.C. 650, 656 (1972), affd. 510 F.2d 479 (2d Cir. 1975); Figueiredo v. Commissioner,54 T.C. 1508, 1513 (19970); Flynn v. Commissioner,40 T.C. 770, 772 (1963). The underlying rationale for this rule is that a trial before this Court is a proceeding de novo; our determination as to petitioner's tax liability must be based upon the merits of the case and not upon events preceding the trial of the case. Greenberg's Express, Inc. v. Commissioner,62 T.C. 324, 327-329 (1974). In sum, we find that petitioner has failed in his burden of proof, both as to the disallowed travel expenses for 1981 and 1982 and the additional mileage claimed at trial for 1981. Accordingly, respondent is sustained on this issue. B. Farm Expenses
During 1981 and 1982, petitioner farmed a portion of a 6,000 acre cattle and grain farm owned by his father, Elton Silkman (Mr. Silkman), in Harding County, South Dakota. On Schedule F of his 1981 tax return, *332 petitioner claimed a farm loss of $ 21,785 as follows: [8]
Farm Income
$  2,480.00 Less: Expenses
21,412.00 Depreciation
2,853.00 Farm Loss
($ 21,785.00)
Of the $ 21,412 claimed as farm expenses, respondent disallowed $ 10,582 for lack of substantiation. Section 162(a) is also applicable on this issue, the burden of proof of which is also on petitioner. Petitioner's case, with respect to this issue, aside from his testimony, was that of his father, Mr. Silkman, and included two affidavits, dated December 18, 1981, and June 3, 1987, prepared and signed by Mr. Silkman, in which were itemized, by category, various farm expenses totaling $ 11,169. Mr. Silkman testified that he paid these expenses for petitioner during 1981, and that petitioner reimbursed him in cash for the full amount, on December 18, 1981. Petitioner and his father presented no bills, receipts, or other records to verify any of these purchases. Mr. Silkman also testified that he *333 never deposited any of the $ 11,169 in a financial institution, but rather used the cash to pay his bills. Again, he produced no records to support this claim. Petitioner and Mr. Silkman both testified that neither maintained checking accounts in any financial institution. Petitioner's contention is that the $ 11,169 paid to his father came from savings from weekly pay checks and $ 12,000 cash borrowed from his grandfather. Petitioner claimed that all his paychecks were cashed at banks or negotiated directly to creditors in payment of bills, with any excess being paid to him in cash by creditors. He rationalized that, by funding his farming expenses through his father, he saved money by benefiting from quantity purchases his father made. However, neither petitioner nor Mr. Silkman presented any documentary evidence such as receipts, invoices, journals, books, statements, or any other evidence from which this Court could conclude that expenses were indeed incurred and paid for. Considering the absence of documentary evidence and the archaic manner in which both petitioner and his father handled their finances, this Court is extremely suspect that petitioner incurred any expenses. *334 The Court finds, therefore, that, for 1981, petitioner failed to establish that he incurred any expenses in connection with his farming activity. The Court also finds the record so incomplete that no reasonable estimation of expenses can be made under the rationale of Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). The decision in Cohan permits a deduction, based on estimates, when the Court is convinced from the record that deductible expenses have, in fact, been incurred. However, as stated in Williams v. United States,245 F.2d 559, 560 (5th Cir. 1957), Cohan requires that: there be sufficient evidence to satisfy the trier that at least the amount allowed in the estimate was, in fact, spent or incurred for the stated purpose. Until the trier has that assurance from the record, relief to the taxpayer would be unguided largesse. [39 F.2d at 544.]
Accord Vanicek v. Commissioner,85 T.C. 731, 742-743 (1985). Since there is insufficient evidence in the record to permit an estimation, it follows, therefore, *335 that respondent's determination on this issue, for 1981, is sustained. For 1982, petitioner claimed farm losses of $ 24,056, calculated as follows: Farm Income
$  1,242.00 Less: Expenses
22,499.00 Depreciation
2,799.00 Farm Loss
[9] ($ 24,056.00)
Since respondent had no record of petitioner's having filed an income tax return for 1982, the notice of deficiency did not include any Schedule F adjustments for that year. However, subsequent to issuance of the notice of deficiency, petitioner submitted to respondent receipts and other records in support of claimed farm expenses and depreciation in the amount of $ 27,147.18, [10] as set forth below: Amount Claimed on
Category of Expense
Petitioner's Records
Repairs and supplies
$  4,607.59
Veterinary fees
153.46
Office expense
171.13
License and insurance for pick-up
208.00
Legal fees
350.00
Interest
485.00
Rent
2,175.00
Feed
540.00
Seed
875.00
Fertilizer
1,510.00
Machine hire and rent
2,035.00
Fuel and gas
825.00
Utilities
265.00
Oil
148.32
Breeding fees
10,000.00
Equipment
[11] - 0 -
Depreciation
2,799.00
Total
[12] $ 27,147.50
*336 With respect to the $ 2,799 claimed for depreciation, respondent agreed that petitioner had established a correct basis for computation of depreciation on a pick-up truck and five cows. However, respondent denied that petitioner was entitled to depreciation on the truck to the extent the truck was used personally by petitioner and in connection with travel to his job sites. In the Answer, respondent generally denied that petitioner was entitled to a deduction of his farming expenses for 1982. Although alluded to at trial, respondent, on brief, challenged petitioner's entitlement to farming expenses for 1982 on the theory that his activity did not rise to the level of a trade or business under section 162. At trial, very little emphasis was placed on this *337 contention, and the substance of respondent's cross examination was directed toward petitioner's credibility as a witness, and whether the claimed expenses had been properly substantiated. This Court has held on numerous occasions that it will not consider issues that have not been pleaded. See, e.g., Markwardt v. Commissioner,64 T.C. 989, 997 (1975); Estate of Mandels v. Commissioner,64 T.C. 61, 73 (19975); Estate of Horvath v. Commissioner,59 T.C. 551, 556 (1973). Whether an issue has been properly pleaded depends on whether the opposing party was given fair notice of the matter in controversy. Rule 31(a). Up until the time petitioner received respondent's Memorandum of Authorities, petitioner was unaware of the need to present evidence establishing that he was engaged in the trade or business of farming during 1982. There was no determination by respondent that these expenses were being disallowed on these grounds. Respondent's position, had it been known to petitioner at the time of trial, would have required him to present *338 additional evidence as to the nature and extent of his farming activities during 1982. Respondent did not raise this issue as to petitioner's 1981 farming operation. The Court, therefore, considers this as a new issue, not properly pleaded, and will not consider it. Rule 41(b); Rule 34(b)(4); Estate of Mandels v. Commissioner, supra;Estate of Horvath v. Commissioner, supra.
Accordingly, since petitioner was in the trade or business of farming during 1982, the question is whether petitioner substantiated his farming expenses for that year. Welch v. Helvering, supra; Rule 142(a). The Court carefully reviewed the record, including numerous documents petitioner submitted in evidence to substantiate the amounts claimed. The Court is satisfied that petitioner did not adequately substantiate his claim for any of the amounts claimed. Petitioner admittedly did not keep accurate records; in many instances, the documentation submitted in support of the claimed expenses did not bear petitioner's name. In some instances, the receipts for alleged purchases were made on days when petitioner was working on an oil rig, rather than on the *339 farm. With respect to several claimed expenses, petitioner either offered no evidence by which to allocate the expense between his employment on the oil rig, any possible farm business use, and personal use or failed to prove that the claimed expense was paid in the year at issue. For lack of substantiation, therefore, respondent is sustained on this issue, with one exception: By virtue of respondent's acknowledgment at trial and in the stipulation, petitioner is entitled to depreciation on five cows. However, petitioner is not allowed depreciation on the pick-up truck for the reason that he failed to sustain the burden of establishing to what extent the truck was used in the business of farming and to what extent the truck was used personally. [13]
C. Additions to Tax
Respondent determined an addition under section 6651(a) for 1981 and 1982 for *340 the failure to timely file income tax returns. This addition does not apply if the failure to timely file was due to reasonable cause and not due to willful neglect. Petitioner's 1981 return was filed March 15, 1983, some 11 months after it was due. Section 6072(a). Petitioner claimed he was unable to assemble his information timely because he was away from home on the oil rigs. Petitioner, however, failed to apply for any extensions. The Court declines to accept petitioner's explanation as a "reasonable cause" for the failure to timely file. With respect to 1982, the Court finds that petitioner failed to file a return for that year. Although petitioner contends he in fact filed a return for that year, the evidence points in the other direction. Also, there is nothing in the record which would excuse petitioner's failure to file. Respondent, therefore, is sustained on the addition to tax under section 6651(a) for 1981 and 1982. The addition to tax under section 6653(a)(1) applies if any part of an underpayment of tax is due to negligence or intentional disregard of rules or *341 regulations. Section 6653(a)(2) applies only to that portion of an underpayment attributable to negligent or intentional disregard of rules and/or regulations. The burden of proof on this issue is on petitioner. The Court is satisfied from the record, with respect to section 6653(a)(1) for 1981 and 1982, that a portion of the underpayment of taxes for such years was attributable to negligence or intentional disregard of rules or regulations. Petitioner presented no evidence on this issue. Further, without repeating our earlier discussion of these issues, we find that petitioner negligently or intentionally disregarded rules or regulations with respect to his claimed deductions for employee business expenses and Schedule F expenses. Respondent, therefore, is sustained on the addition to tax under section 6653(a)(1) for 1981 and 1982. With respect to the addition to tax under section 6653(a)(2) for 1981 and 1982, the Court also finds that petitioner's underpayment attributable to employee business expenses and the Schedule F expenses was due to negligence or intentional disregard of rules or regulations. Accordingly, respondent's determination of the addition to tax under section *342 6653(a)(2) is sustained for both years. Additions to tax under section 6654, for the underpayment of estimated taxes, are mandatory unless the taxpayer can demonstrate that he comes within one of the computational exceptions. Grosshandler v. Commissioner,75 T.C. 1, 20-21 (1980). Since petitioner failed to show that any exception applies, this addition to tax is sustained. Section 6661(a) provides that, in the event of a substantial understatement of income tax for any taxable year, there shall be added to the tax an amount equal to 25 percent of any underpayment attributable to such understatement. See Pallottini v. Commissioner,90 T.C. 498 (1988). Section 6661(b) provides that "a substantial understatement" exists if the amount of the understatement of income tax for the year exceeds the greater of (1) 10 percent of the tax required to be shown on the return, or (2) $ 5,000. While it is clear that, for 1982, there was a substantial understatement of *343 income tax based upon the adjustments made in the notice of deficiency, some of the adjustments have been conceded by respondent; moreover, petitioner is entitled to depreciation on five cows for 1982. As a result, the parties will be required to compute the deficiency under Rule 155. The Court finds, however, that petitioner did not establish an entitlement to a reduction of the understatement under section 6661(b)(2)(B). Once the computation of the deficiency has been made under Rule 155, if the understatement exceeds the greater of ten percent of the tax which was required to have been shown on the return, or $ 5,000, then the addition to tax under section 6661(a) for 1982 will be sustained and such is this Court's finding. Decisions will be entered under Rule 155.
Footnotes
1. These cases were consolidated for purposes of trial, briefing, and opinion. ↩
2. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
*. 50% of the interest due on $ 3,533.00. ↩
**. 50% of the interest due on $ 6,176.00. ↩
3. The Omnibus Reconciliation Act of 1986, Pub. L. 99-509, section 8002(a), 100 Stat. 1874, 1951, increased the section 6661(a) addition to tax to 25 percent of the underpayment for additions to tax assessed after October 21, 1986. See Pallottini v. Commissioner,90 T.C. 498↩ (1988). 4. In his petition, petitioner claimed respondent failed to credit $ 605.06 on his 1981 taxes for an erroneous levy of his wages. At trial, it developed that this allegation related to a section 6682 penalty imposed on petitioner for filing a false W-4 form for 1981. This Court lacks jurisdiction to redetermine section 6682 penalties for the reason that the penalty is not attributable to a deficiency. Section 6682(c); Castillo v. Commissioner,84 T.C. 405, 410, 411 (1985); Estate of Young v. Commissioner,81 T.C. 879↩ (1983). Petitioner also alleged he was due a refund for his 1983 taxes. In the absence of a notice of deficiency for 1983, this Court has no jurisdiction to consider this claim in considering petitioner's 1981 and 1982 tax years. Section 6214(b). 5. Additional amounts for special clothing and lodging are not in dispute. ↩
6. Respondent administratively allowed petitioner $ 2,457 meal expenses based on 273 days worked at $ 9 per day. Of the 29,786 miles for travel, 19,706 miles represented mileage to and from petitioner's places of lodging to drilling sites, and 10,080 miles from petitioner's home to places of lodging. Respondent allowed the 19,706 miles from places of lodging to drilling sites but allowed only 8,100 miles of the 10,080 miles claimed for travel from petitioner's home to places of lodging. At trial, petitioner claimed an additional 2,880 miles for travel from lodging to drilling sites, and an additional 3,201 miles for travel from his home to places of lodging. ↩
7. Respondent administratively allowed petitioner $ 1,773 meal expenses based on 197 days worked at $ 9 per day. Of the 28,584 miles, 11,806 miles represented mileage to and from places of lodging to drilling sites, and 16,778 miles represented mileage to and from home to places of lodging. Respondent allowed the mileage to and from the places of lodging to the drilling sites in its entirety, and 5,580 of the mileage to and from home to places of lodging, leaving at issue 11,198 miles. ↩
8. Due to a mathematical error in computing his Schedule F expenses, petitioner's farm loss should be $ 21,790, based on $ 21,417 farm expenses, thereby leaving $ 10,587 in dispute.↩
9. This calculation was on the copy of the 1982 return attached to the petition. ↩
10. Although the parties originally stipulated this amount was $ 23,865.60, in his Memorandum of Authorities, respondent concedes the amount if $ 27,147.18. ↩
11. Petitioner claimed an equipment expense of $ 180 on Schedule F of his 1982 Form 1040 attached to the petition. ↩
12. The parties failed to explain the difference of $ .32 between the figure shown here and the figure of $ 27,147.18 stipulated by the parties. ↩
13. The Court declines to allow petitioner any other expenses under Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930), for the reason that there is no discernible basis in the record from which such expenses could be allowed. See William v. United States,245 F.2d 559, 560↩ (5th Cir. 1957).